MARTIN, HENRY F., Jr., Associate Judge.
Appellee was Plaintiff below and brought the present action to recover a reasonable attorney’s fee on a quantum meruit basis for legal services allegedly rendered to Appellant pursuant to an oral agreement. A jury rendered a verdict in favor of Appellee in the amount of $35,000.00, final judgment was entered thereon, hence this appeal.
The transaction giving rise to the present litigation involved the acquisition and rezoning of four lots on Brickell Avenue in Miami and was described by Appel-lee as follows:
“He asked me to acquire the property and rezone it from residential single-family estates to multiple-family housing. And on the basis of that retainer, he and I went into an enterprise where I represented him in acquiring the property and rezoning the property.”
‡ >|c ‡ ‡ %
“Q. What was your original deal with him about these four lots ?
A. My compensation would have been on a fee agreeable or mutually agreeable to both of us, that I was to use as a participant in this venture, in this transaction; and also my interest would have been increased further depending on the amount of money that I put into this transaction with him and others.
And that was the understanding. We left the exact fee as to the exact money that would be due me for the rezoning to a figure that would be mutually agreeable to us.”
According to this purported agreement between the parties, Appellee’s interest or participation in the venture would be enhanced or increased by the amount of the fee mutually agreed upon by them for his services in the acquisition and rezoning of the property. Appellee further testified that he also held a real estate brokers license and that the property in question was listed with him for sale and he participated in the commission when the same was sold *790 to Appellant. Appellee received $3,750.00 as his portion of the commission and contributed that amount toward the down payment when the property in question was acquired by Appellant so that he at all times had an interest of at least that much in the transaction. The agreement between the parties was characterized by Ap-pellee and his expert witnesses as a “contingent fee” arrangement. Appellee and the two attorneys who testified as expert witnesses on his behalf arrived at their opinion as to the reasonable value of his services by simply computing a percentage of the enhanced value of the property following the rezoning. Appellee succinctly stated the basis of his own testimony as follows:
* * * % * *
“I am just saying high-rise real estate property in that area was worth, as far as FHA was concerned, $4 a square foot. I was able to take real estate which was residential property and convert its use with time and energy and expertise to be worth $4 a square foot.
So I say, as far as I am concerned I’m not translating my value into dollars; 1 am just taking it and using the term of 10 cents a square foot.”
* * * * * *
The entire thrust of the evidence adduced by the Appellee was to demonstrate the appropriate percentage or proportion of the enhancement in value of the property in question that a contingent fee contract would and should contain for legal services such as appellee performed. Computing the attorney’s fee in question in the manner described falls short of fulfilling the requirements imposed by the law and contains a basic erroneous assumption.
In the first place the alleged fee arrangement was not contingent in the sense that counsel’s reasonable compensation depended upon success in rezoning the property. Undoubtedly, this was a material element which would have been considered by the parties in arriving at an agreed fee; however, the purported agreement included an increased share of the venture by way of fee for services in acquiring the property plus any cash contribution by Ap-pellee. Appellee testified that he performed services as attorney for Appellant in acquiring the property and advanced the sum of $3,750.00 to Appellant or for his account in the acquisition of the property. Thus, assuming the existence of the agreement, Appellee would have been entitled to an interest in the project in the amount of his cash contribution plus a fee for his legal services in acquiring the property, even if the rezoning had failed. In McGill v. Cockrell, 88 Fla. 54, 101 So. 199, 201 (Fla.1924), a witness assumed the existence of a contingent fee contract. However, the Supreme Court held that the fee arrangement was not contingent in the sense that counsel’s reasonable compensation depended upon the success of the litigation. In the present case, the acquisition of the property was an accomplished fact for which a fee would be due under the purported agreement.
Even if the alleged fee contract were construed to be contingent, the application of some customary percentage ordinarily associated with such contingent fee contracts would not ordinarily reflect a fair measure of the value of the legal services involved. Ronlee, Inc. v. P. M. Walker Co., 129 So.2d 175, 176 (Fla.App.1961).
The general rule is that in the absence of a contract or statute fixing the amount of compensation, a lawyer is entitled to recover the reasonable value of his services. This Court detailed the factors to be considered and has held that not only must each factor be considered by the trial court but the determination must be supported by substantial, competent evidence. Johnson v. Kruglak, 246 So.2d 617, 620, (Fla.App.1971); Lodding v. Dunn, 251 So.2d 560, 561 (Fla.App.1971); Novack v. Novack, 189 So.2d 513, 514 (Fla.App.1966); Adler v. Schekter, 197 So.2d 46, 49 (Fla. *791 App.1967), same fee after remand, 207 So.2d 78 (Fla.App.1968).
This is a case in which it is appropriate to repeat the admonitions of our Supreme Court in Provus v. Provus, 44 So.2d 656, 657 (Fla.1950), as we did in the Novack case, supra, as follows:
“Fixing the amount of counsel fees, as a general rule always presents a delicate question. Under our adjudications some of the elements usually considered are: services rendered, responsibility incurred, the nature of the services, the skill required, the circumstances under which it was rendered, the ability of the litigants to respond, the value of the services to the client, and the beneficial results, if any, of the services. Our leaders of the bench and bar have never accepted as a yardstick of measurement of attorney fees the myth that all the property of the payee should be appropriated for its payment, but only so much thereof as will compensate for services rendered. The allowance made should square with fairness and justice to all alike under similar conditions and circumstances. * * * ”
Lawyers are officers of the court and justice should be administered economically, efficiently, and expeditiously. Attorney’s fees are an important factor in the administration of justice, and if they are fixed without proper relationship to these facts it could result in a loss of public confidence in the bench and bar.”
We recognize that Appellant produced an expert witness who testified to a much lesser value for the services rendered. However, he likewise failed to consider or testify with respect to the necessary factors involved in establishing a reasonable fee. In short, the evidence adduced before the jury fails to meet the requirements of the rules set forth above and an erroneous concept was created in the mind of the jury as to the predicate on which its verdict for attorney’s fees, if any, should have been measured.
Accordingly, the final judgment entered herein must be and the same is hereby reversed and this cause is remanded for a new trial on all issues.
Reversed.