311 So.2d 808 (1975)
Richard CANTY, Appellant,
v.
The WACKENHUT CORPORATION and Aetna Casualty & Surety Company, Appellees.
the WACKENHUT CORPORATION and Aetna Casualty & Surety Company, Appellants,
v.
Richard CANTY, Appellee.
Nos. 74-490, 74-598.
District Court of Appeal of Florida, Third District.
April 15, 1975.
Rehearing Denied May 14, 1975.
Horton, Perse & Ginsberg; Ronald I. Strauss, Miami, for Canty.
Blackwell, Walker, Gray, Powers, Flick & Hoehl and James E. Tribble, Miami, for Wackenhut and Aetna Casualty.
Before PEARSON, HENDRY and HAVERFIELD, JJ.
PER CURIAM.
Plaintiff-appellant seeks review of the trial court's order granting the motion of defendant-appellees for a new trial.
Plaintiff-appellant, Richard Canty, at the time of the events giving rise to the instant action as a result of stomach surgery had a colostomy bag protruding from his body. On October 26, 1972, plaintiff went to an Eagle Family Discount Store to purchase a few items. In order to cover the colostomy bag, plaintiff was wearing his shirt outside of his trousers. Appellant paid for his purchases and started toward *809 the front door at which time he was stopped by Eduardo A. Fernandez, a security guard employed by the defendant-appellee, The Wackenhut Corporation, and assigned to the store. Fernandez demanded to see what the plaintiff was carrying under his shirt. Plaintiff-appellant attempted to explain that it was a colostomy bag. Fernandez, having failed to understand due to an inability to understand English, reached under the appellant's shirt, grabbed the colostomy bag, and pulled on it until it was practically ripped off resulting in a prolapse of a portion of the colon protruding from the skin. Eventually surgery was necessary to remove that portion of plaintiff's colon. Thereafter, plaintiff Canty filed suit against defendant Wackenhut Corporation and its liability insurer, Aetna Casualty and Surety Company. The cause came on for jury trial and ultimately was submitted to the jury on one count of battery and two counts of negligence. The jury returned a verdict in favor of the plaintiff in the sum of $50,000 as compensatory damages and in the sum of $180,000 as punitive damages. Thereupon, appellees filed a motion for new trial and after a hearing thereon, the trial judge entered the following order:
"ORDER GRANTING NEW TRIAL
"... The Court is of the opinion that the compensatory damages awarded are adequately sustained by the evidence but that the amount of punitive damages is so grossly excessive and contrary to the evidence as to shock the conscience of the Court, and that a remititur to the verdict should be made by the plaintiff to the extent of $130,000. The Court having ordered such a remititur and the plaintiff, through his counsel, having indicated in open court, upon the Court's announcement of said ruling, that he would not accept the remititur; therefore, in lieu thereof, the Court will grant a new trial to the defendants on all issues as to damages, both compensatory and punitive.
"It is thereupon,
"ORDERED AND ADJUDGED that a new trial is hereby granted as to compensatory and punitive damages only upon the sole ground that the punitive damage verdict is contrary to the evidence and so grossly excessive as to shock the conscience of the Court. In all other respects the motion for new trial is denied."
* * * * * *
Plaintiff appeals therefrom. We reverse.
Basically, there are three situations wherein the courts in this state have determined that the amount of a verdict for punitive damages is excessive. First, where the punitive damages awarded bears no relation to the amount the defendant is able to pay and results in economic castigation. Maiborne v. Kuntz, Fla. 1952, 56 So.2d 720; Hutchinson v. Lott, Fla.App. 1959, 110 So.2d 442. Second, where the tort committed is lacking the degree of maliciousness and/or outrageous disregard for the plaintiff's rights required to sustain the amount of the verdict. Hutchinson v. Lott, supra; Zippy Mart, Inc. v. Mercer, Fla.App. 1970, 244 So.2d 522. Third and last, where the amount of punitive damages fixed by the jury bears no reasonable relation to the compensatory damages awarded and which is excessively out of relation to compensatory damages. Air Line Employees Association International v. Turner, Fla.App. 1974, 291 So.2d 670; Lan-Chile Airlines, Inc. v. Rodriguez, Fla.App. 1974, 296 So.2d 498.
After a careful review of the record on appeal, we cannot say that the amount of the punitive damages fixed by the jury in the case sub judice falls into any of the hereinabove categories. For punitive damages are "peculiarly left to the discretion of the jury as the degree of punishment to be inflicted must always be dependent on the circumstances of each *810 case, as well as upon the demonstrated degree of malice, wantoness, oppression or outrage found by the jury from the evidence." Webb's City, Inc. v. Hancur, Fla. App. 1962, 144 So.2d 319.
We also have considered defendant Wackenhut's interlocutory appeal (Case No. 74-598) involving the issue of Wackenhut's liability and plaintiff's cross-appeal directed thereto, and find the points raised therein to be without merit.
There being competent substantial evidence contained in the record in support of the jury's verdict, we hereby reverse the order granting a new trial and remand the cause to the trial court with directions to reinstate the jury's verdict and enter judgment thereon.
It is so ordered.