PER CURIAM.
Plaintiffs appeal an order granting a new trial, or in the alternative directing them to file a remittitur of $18,200 of the $20,000 in punitive damages awarded by the jury in an action for fraud in the inducement.
Appellants, R. D. and Therese Hermes, filed a complaint seeking compensatory and punitive damages against appellee, Elizabeth Anton, for fraud in the inducement alleging that she leased a single family residence to them for a term of one year and encouraged them to make considerable repairs to the premises when she knew the leased property was being condemned by the State and the proceedings substantially completed. After, occupying the leased premises for less than two months, the plaintiffs had to vacate by reason of the condemnation. Following the trial of this action, the jury returned a verdict in favor of plaintiffs for $1,800 in compensatory damages and $20,000 in punitive damages. Defendant filed a motion to strike punitive damages and/or in the alternative for new trial. After a hearing the trial judge, on the ground that the amount of punitive damages awarded is so excessive as to shock the judicial conscience of the court, ordered a new trial or in the alternative that plaintiffs remit $18,200 of the $20,000 in punitive damages. Plaintiffs appeal and we reverse.
There being no question as to defendant’s ability to pay the punitive damages or the degree of maliciousness required to sustain the amount of the award, we must only determine whether the amount of punitive damages bears no reasonable relationship to the compensatory damages awarded. See Canty v. Wackenhut Corporation, 311 So.2d 808, 809 (Fla. 3d DCA 1975). The punitive damages amount to approximately ten times the compensatory award and we cannot say that this amount is excessively out of relation to compensatory damages. See Air Line Employees Association International v. Turner, 291 So.2d 670 (Fla. 3d DCA 1974); Lan-Chile Airlines, Inc. v. Rodriguez, 296 So.2d 498 (Fla. 3d DCA 1974); Canty, supra; Ocean Mile Galleries, Inc. v. Huguenor, (Fla. 4th DCA opinion no. 74-31, filed January 4, 1977).
The order herein appealed is reversed and the cause remanded to the trial court with directions to enter final judgment for plaintiffs in accordance with the jury verdict.
Reversed and remanded with directions.