NESBITT, Judge
(specially concurring in part, dissenting in part):
I concur only with respect to the affirmance of the order reconstructing the record.
I strongly disagree with the reversal of the trial judge’s order granting a new trial. A stronger showing is required to upset an order granting a new trial than an order denying a new trial. Cloud v. Fallis, 110 So.2d 669, 673 (Fla.1959). In Castlewood International Corporation v. LaFleur, 322 So.2d 520, 522 (Fla.1976), the principle with respect to an order granting a new trial was reiterated:
Since at least 1962, it has been the law of Florida that a trial court’s discretion to grant a new trial is “of such firmness that it would not be disturbed except on clear showing of abuse . . .. ” Cloud v. Fallis, 110 So.2d 669, 672 (Fla.1959). A heavy burden rests on appellants who seek to overturn such a ruling, and any abuse of discretion must be patent from the record. See Hendricks v. Dailey, 208 So.2d 101, 103 (Fla.1968); Russo v. Clark, 147 So.2d 1, 3-4 (Fla.1962).
Mere disagreement from an appellate perspective is insufficient as a matter of law to overturn a trial court on the need for a new trial. Castlewood, supra, at 522.
The trial court’s order with respect to the compensatory damages stated:
The competent and uncontradicted testimony introduced at trial showed without serious dispute by Plaintiffs that the Defendant incurred Ten Thousand ($10,-000) Dollars expenses in connection with holding the real property purchased from the Plaintiffs. The court instructed the jury to consider these expenses in making its award of compensatory damages. The award of compensatory damages is in the amount of One Hundred and Fifty Four Thousand ($154,000) Dollars. The award does not take into consideration the expenses incurred. In light of the record, the jury’s compensatory award demonstrates that the jury failed to consider the element of the Defendant’s expenses as instructed by the Court.
Neither the majority nor the appellant can explain away this spectre which infected the jury verdict. The appellant urges several different theories to- support his contention that the award was consistent with the evidence presented.[1] It is precisely the type of speculation which the appellants would have us engage in that leads *1051 me to conclude that the trial judge was in the best position to determine the impropriety of the jury verdict.
While it is true that the superior vantage point does not give a trial judge unbridled discretion to order a new trial, see Wackenhut v. Canty, 359 So.2d 430 (Fla.1978), where, as here, the evidence supports the trial judge’s order that the verdict is contrary to the manifest weight of the evidence, that order must be affirmed.
Further, Defendant’s testimony that he had no net worth was uncontradicted by Plaintiff. The Court instructed the jury to consider the financial resources of the Defendant in fixing the amount of punitive damages. The jury awarded Seventy Seven ($77,000) Thousand Dollars in punitive damages. In light of the testimony, such an award is excessive as bearing no relation to the amount the Defendant is able to pay and would result in economic castigating of the Defendant.
The Court is compelled to conclude that the jury did not have sufficient criteria to evaluate punitive damages and was not instructed on the reference of ability to pay and any resulting bankruptcy. See Canty v. Wackenhut Corp., 311 So.2d 808 (Fla.3d DCA 1977). As a result, the jury misconceived the law in awarding the punitive damages.
There was sufficient justification in the record for the trial judge’s conclusion that the verdict was contrary to the manifest weight of the evidence.
As a final effort with respect to the compensatory damages, the appellants contend that a remittitur of $10,000 would be proper as an alternative to a new trial. Despite the fact that the trial judge’s order specified $10,000, from the record as well as appellants’ arguments (see n. 1), it is apparent that the amount is unclear. Consequently, it would be improper to order a remittitur. See Wackenhut Corporation v. Canty, supra, at 434 (Fla.1978).

. The alleged $10,000 in expenses includes interest payments to mortgage holders in the amounts of $4,895.80 and $5,391.87 for a total of $10,287.67. Appellants argue that the jury could have concluded: (1) because defendant admits that part of the $5,391.87 did not relate to any “expense” incurred in connection with plaintiffs’ property, the jury was entitled to disregard the figure entirely: or (2) the money was borrowed for economic reasons unrelated to the property: or (3) the interest opportunity on the “secret profit” was greater than the interest expense and therefore the money earned offset the money expended; or (4) an upward adjustment in the award should be made for prejudgment interest which when offset by the expenses equalled the award given.