PER CURIAM.
We reverse the judgment which limited the appellant, The Wackenhut Corporation, to a recovery of $10,619.95 in attorney’s fees against its insurer, Aetna Casualty & Surety Company.
*411 The undisputed evidence reveals that Wackenhut, as was its custom during its long-standing relationship with its attorney, agreed to pay him a reasonable fee for his services in this case. The mere fact that the attorney had already billed and been paid by Wackenhut fees in the amount of $10,619.95 based on an hourly billing rate did not, contrary to the reasoning of the trial court, establish either an agreement to be limited to that amount[1] or the outer limits of reasonableness, compare Trustees of Cameron-Brown Investment Group v. Tavormina, 385 So.2d 728 (Fla. 3d DCA 1980) (contractual obligation can limit amount of attorney’s fee), with Zorovich v. Stoller, 293 So.2d 788 (Fla. 3d DCA 1974) (in absence of a contract or statute fixing amount, an attorney is entitled to recover reasonable value of his services), since (a) as noted, the agreement was to pay a fee in a reasonable amount, with the attorney submitting the issue of reasonableness for the court’s determination; and (b) the bill reflecting an hourly rate was partial only and took no account, for example, of the nature of the litigation, the difficulty and novelty of the issue, the skills demanded of counsel, and the results accomplished.[2] See Rosenberg v. Levin, 409 So.2d 1016 (Fla.1982); Pfohl v. Pfohl, 345 So.2d 371 (Fla. 3d DCA 1977).
While the range of opinions of experts called by the parties as to a reasonable fee was from $25,000 to $40,000, the trial court’s failure to make any finding of reasonableness within that range requires us to remand the cause for that purpose. Accordingly, the cause is reversed and remanded with directions that the trial court, based on the expert testimony previously submitted and on any new evidence it deems necessary to receive, assess a reasonable attorney’s fee, including a fee for the services of Wackenhut’s attorney on this appeal, and enter judgment in favor of Wackenhut for the amount assessed.
Reversed and remanded.

. The trial court stated that if no bill at all had been submitted to Wackenhut, its attorney “might have been entitled to everything.” But the bill only had meaning if it represented the totality of the agreement between the attorney and Wackenhut. When Wackenhut’s representative testified that no fee beyond that amount had been agreed upon, the clear reference was to a fee in a specified amount in light of his further testimony that Wackenhut would pay any further bills rendered by the attorney.

. The case ultimated in the carrier being held liable for $226,580.34 in punitive damages recovered against Wackenhut in Canty v. Wackenhut Corp., 311 So.2d 808 (Fla. 3d DCA 1975). See Aetna Casualty and Surety Co. v. The Wackenhut Corp., 418 So.2d 1013 (Fla. 3d DCA 1982).