PER CURIAM.
This is an attorneys’ fee case. An award was made pursuant to section 57.105, Florida Statutes (1989), which authorizes the court to award a reasonable fee to the prevailing party where it finds “that there was a complete absence of a justiciable issue of either fact or law raised by the complaint or defense of the losing party.” There was no finding that the third-party' complaint was frivolous, and no evidence has yet been presented.
The appellant, Dalia, entered into a contract with Michelle Alvarez — who is not a party to this appeal — for the sale of Dalia’s residential home. Michelle Alvarez commenced this action to rescind the contract, refusing to pay for a $17,648 inspection report which Dalia claimed was her responsibility under the terms of the contract. She sought the return of a $6,250 deposit.
Three brokerage firms became involved in the transaction through their agents Duda, Angella and Edward Alvarez. It is alleged by Dalia that he instructed the agents to be present for any showing of the home and to not make duplicate keys to the house. In violation of the agreement, the agents made duplicate keys which were used by someone to gain access to the home, resulting in damage to and theft of valuable personal property. It is also alleged that, in violation of a fiduciary obligation, the sales contract was made to Michelle Alvarez, as trustee, at a depressed price when, in fact, she was purchasing for her brother, an attorney who was a sales agent for one of the participating brokers.
Dalia counterclaimed against Michelle Alvarez for breach of contract and fraud, and filed a third-party tort action against the brokerage firms and their agents Duda, Angella and Edward Alvarez. Dalia took a voluntary dismissal of the third-party action and refiled it as a separate lawsuit. The Michelle Alvarez-Dalia contract actions, on both the complaint and counterclaim, are still pending.
Duda, Angella and Edward Alvarez, as third-party defendants, filed motions for attorneys’ fees and costs against Dalia on two alternative theories, one contractual and the other statutory. First, they alleged that, pursuant to the Michelle Alvarez-Dalia sales contract, they became “prevailing” parties by virtue of Dalia’s voluntary dismissal of the third-party complaint. Next, they claim that they are entitled to fees because Dalia’s third-party action was totally frivolous. Neither theory has merit.
The fee award in this ease could not have been based on a contract theory be *870 cause (1) the third-party claim is based on tort, and (2) there is no “prevailing party” fee agreement between Dalia and the brokerage firms. The action between Michelle Alvarez and Dalia, where there is a “prevailing party” fee provision, remains pending.
In recognition of the absence of a basis for a contractual fee award, the court’s orders rely solely on the statute, section 57.105, as authority for the award of fees. However, there is no factual basis for an award of fees based on a finding that Dalia’s third-party action was frivolous. To the contrary, there are explicit statements on the record by the trial court that the record was not sufficiently developed for that determination,[1] and that the face of the complaint would not support a finding that the action was frivolous.
Mr. Black [attorney for appellee Angel-la]: The basis for attorney’s fees is under 57.105, that this was an absolutely frivolous action....
Judge Goldstein: I didn’t make that finding.
******
Mr. Black: ... you can find that it was a frivolous action and presented no justiciable issue of either law or fact.
Judge Goldstein: How can I find that? All I did so far was just dismiss it because he failed to state a cause of action.
******
Judge Goldstein: [A] frivolous [pleading] is utterly devoid of any type of merit at all, and I’m not sure that his third-party complaint is completely devoid of any merit.
Finally, basing his decision on the desire to make a “quick decision” the court granted fees stating:
I am going to award them on 57.105 and see where it goes.
[Emphasis added.] Although persuaded by four tenacious attorneys for the third-party defendants to make a fee award, the judge’s contemporaneous comment expressed a continued reservation as to its correctness and invited an appeal. A careful analysis leads to the conclusion, inescapably, that the trial judge was correct in his initial assessment — the award cannot be sustained on either contractual or statutory theories.
The award of attorneys’ fees is reversed.

. Whether Dalia's claims are totally without merit can be decided in the refiled actions. We note that while this appeal was pending, appel-lees Angella and one of the brokerage firms settled with Dalia on his third-party claims and filed motions that the appeals be dismissed as to them.