605 So.2d 1282 (1992)
Frank DALIA, Appellant,
v.
Michelle B. ALVAREZ, Trustee, Appellee.
No. 91-45.
District Court of Appeal of Florida, Third District.
September 29, 1992.
*1283 Bret Shawn Clark, Miami Shores, for appellant.
Mark A. Marder, Miami, for appellee.
Before FERGUSON, JORGENSON and COPE, JJ.

REVISED OPINION

ON MOTION TO REVIEW FEE AWARD
PER CURIAM.
This case is before the court for the third time.[1] In the first appeal we reversed a judgment awarding the appellee attorney's fees pursuant to section 57.105, Florida Statutes (1989), on a holding that the appellant's third-party complaint was not frivolous. Dalia v. Duda, 576 So.2d 868 (Fla. 3d DCA 1991). In the second appeal, we affirmed, without an opinion, a summary judgment for the appellee on her claim for recovery of a $6,250 escrow deposit and an award of fees as the prevailing party. The case was remanded for an award of fees for appellate services.
We agree with the appellant that the award of $10,000 in fees for defending this uncomplicated second appeal is excessive. Most telling in the inflated itemization of work performed is the claimed two hours and forty-five minutes spent educating the client about the case (in which she participated), and appellate proceedings generally, notwithstanding that the client is an attorney. Also revealing is that the fee for the trial court representation was only $7,337.50 plus costs.
Four hours and forty-five minutes is claimed, under oath, for reading the appellant's fourteen-page reply brief, and three and one-half hours is claimed for reading and "research" of the motion for rehearing. Five hours of service is claimed for a motion to strike the appellant's brief  which was denied; one and a quarter hours is claimed for preparing a motion for extension of time to file a brief and for clarification of the order denying the motion to strike appellant's brief  which was also denied.
The alleged "excessive" award is precisely that requested by the appellee based on approximately fifty-four hours of legal work, including the work described in the two preceding paragraphs.[2] We disagree with the testimony of the appellee's expert witness that all the services performed, particularly those described above, were reasonable and necessary. The sixteen-page transcript of the fee hearing is otherwise devoid of any competent and substantial evidentiary support for the questionable labor, or the amount of time claimed for the work.[3]
A claim for excessive hours is subject to a reduction by the court. Florida Patient's Compensation Fund v. Rowe, 472 So.2d 1145, 1150 (Fla. 1985). In this *1284 case, the appellate record, briefs of the parties, the court's recollection of the oral arguments, and the opinion of the appellate court give strong support to the appellant's contention that much of the time claimed was unnecessary.[4] On the basis of the foregoing we conclude that there was nothing complex about the case that an experienced attorney could not have handled in one-half the time claimed. See R.H. Coody & Assocs., Inc. v. Shelton, 352 So.2d 852 (Fla. 1977); Schreiber v. Palmer, 427 So.2d 235 (Fla. 3d DCA 1983); Guthrie v. Guthrie, 357 So.2d 247 (Fla. 4th DCA 1978).
Accordingly, we reverse and remand with instructions to award appellate fees in an amount not to exceed $5,000.
NOTES
[1] We observe that this case was previously before the court solely to indicate our familiarity with the issues and that there is an adequate record for review. We do not suggest that the litigation has been needlessly prolonged by either party or that the fact of the prior appeal, per se, is a basis for the reduction of the fee awarded for the second appeal. Michelle B. Alvarez, the appellee in this case, was not a named party in the first appeal.
[2] Nine thousand dollars was awarded for the appeal and $1,000 was awarded for the hearing on the motion for appellate fees.
[3] Pursuant to Florida Rule of Appellate Procedure 9.200(f)(2), we directed the appellant to supplement the record with a transcript of the fee hearing.
[4] In past years this court would fix the amount of fees based on the same evidence. Although the practice has been discontinued, from the same evidence we may determine that an attorney's fee for appellate work is grossly excessive.