709 So.2d 572 (1998)
Richard KING, Appellant,
v.
YOUNG, BERKMAN, BERMAN & KARPF, P.A. f/k/a Young, Franklin, Berman & Karpf, P.A., Appellee.
No. 96-2368.
District Court of Appeal of Florida, Third District.
March 11, 1998.
Rehearing Denied June 3, 1998.
*573 McDermott, Will & Emery and Steven E. Siff, Miami, and Marina L. Fontani, for appellant.
Lapidus & Frank and Richard L. Lapidus, Miami, for appellee.
Before COPE and GREEN, JJ., and BARKDULL, Senior Judge.
PER CURIAM.
Appellant Richard King appeals a final judgment awarding his prior counsel, Young, Berkman, Berman & Karpf, P.A., a money judgment for $525,000, plus costs and attorney's fees. The judgment, in effect, grants the appellee firm additional fees for the work it performed in representing King in the dissolution of his marriage. The firm cross-appeals contending that the court erred in denying pre-judgment interest on the $525,000.
King retained the firm to represent him in his dissolution of marriage action. The firm prepared the fee agreement, which provided for a $25,000 non-refundable retainer and set the hourly rates at $325 per hour for Burton Young, $185 to $250 per hour for other partners, and $165 to $185 per hour for associate lawyers.[1] The fee agreement also included the following clause:
In the event this matter is settled, or the matter is concluded by the entry of a Final Judgment of Dissolution of Marriage (at the trial level), an additional and final fee will be determined as due us from you, taking into consideration the results achieved and the complexity of the matter. This `bonus' fee shall be fair and reasonable.... (emphasis added).
Throughout the proceedings, King made full and timely payment of all legal fees demanded by the firm. Ultimately, King paid $342,989, the amount due under the fee agreement exclusive of the bonus provision. After the matter concluded, the firm made a demand for a $750,000 bonus which King did not pay. Unable to resolve the claim, the firm filed an action, in which it sought a bonus of $1,150,000. After a three-day trial, the trial court awarded the firm $525,000 as additional fees. The court denied King's motion for retrial, denied the firm's motion for pre-judgment interest, and granted the firm's motion for attorney's fees and costs.
King appeals arguing that the bonus provision is unenforceable because it improperly seeks a contingency fee based on results obtained in a dissolution action. We agree.
Rule 4-1.5(f)(3) of the Rules Regulating the Florida Bar provides that "[a] lawyer shall not enter into an arrangement for, charge or collect ... any fee in a domestic relations matter, the payment or amount of which is contingent upon the securing of a divorce or upon the amount of alimony or support, or a property settlement in lieu thereof...." R. Regulating Fla. Bar 4-1.5(f)(3). *574 The fee agreement between the firm and King expressly made a portion of the fee to be charged by the firm contingent upon the results obtained. Thus, the provision is void and unenforceable.
An attorney's fee agreement that includes an unenforceable contingency provision is void in its entirety. See Chandris, S.A. v. Yanakakis, 668 So.2d 180, 186 (Fla. 1995) ("[A] contract that fails to adhere the [Florida Bar rule governing contingent fees] is against public policy and is not enforceable by the member of the Florida Bar who has violated the rule."); see also Singleton v. Foreman, 435 F.2d 962, 969 (5th Cir.1970) (holding that an invalid contingent fee in an attorney's fee agreement "made the entire contract void and unenforceable.")[2]
When a fee agreement between attorney and client fails to comply with the Rules Regulating the Florida Bar, the attorney is entitled to recover on the basis of quantum meruit. See Chandris, 668 So.2d at 186; Salter v. St. Jean, 170 So.2d 94, 95-96 (Fla. 3d DCA 1964) (holding a contingency fee agreement enforceable where wife sought recovery of separate property, but providing "if the agreement had been void ... the attorney would be entitled to a fee based on quantum meruit."); Cf. Rosenberg v. Levin, 409 So.2d 1016 (Fla.1982) (holding that a lawyer discharged without cause by client after performing substantial legal services under a valid employment contract is entitled to the reasonable value of services on the basis of quantum meruit).[3] In this case, the firm agreed to undertake the representation of King at high hourly rates. The firm has now been paid for all of its time, at those rates, for a total of $342,989. We conclude that the firm has already received fair compensation for the work performed, and limit the firm's quantum meruit award to $342,989. See Dalia v. Alvarez 605 So.2d 1282,1283-84 (Fla. 3d DCA 1992).
We therefore reverse the award of a "bonus" fee, reverse the award of attorney's fees to the firm, deny the firm's motion for appellate attorney's fees, and grant an award of appellate fees in these proceedings to King. See Katz v. Van Der Noord, 546 So.2d 1047 (Fla.1989).[4]
Reversed.
COPE, J., and BARKDULL, Senior Judge, concur.
GREEN, Judge, concurring in part and dissenting in part.
I fully concur with the majority's conclusion that the firm's retainer agreement with King has been rendered entirely unenforceable as a result of the contingency bonus fee provision. However, I must respectfully part company with the majority's remedy which is simply to find the firm's hourly rate in the now unenforceable contract to be reasonable as a matter of law. In my view, such a resolution is seemingly in direct conflict with an earlier pronouncement of this court that the rate billed by an attorney for legal services does not establish its reasonableness. See Wackenhut Corp. v. Aetna Cas. & Sur. Co., 423 So.2d 410, 411 (Fla. 3d DCA 1982). In Wackenhut, where the client agreed to pay the attorney a reasonable fee for services, we said that "[t]he mere fact that the *575 attorney had already billed and been paid by Wackenhut fees ... based on an hourly billing rate did not, contrary to the reasoning of the trial court, establish either an agreement to be limited to that amount or the outer limits of reasonableness,...." Id. (footnote omitted). Accordingly, we remanded Wackenhut to the trial court for its determination of a reasonable fee.
Similarly, in a case such as this, where a contract for attorney's fees has been found unenforceable and the attorney is entitled to a reasonable fee under a quantum meruit theory, we must remand this case back to the trial court for its determination of a reasonable fee. See Kushner v. Engelberg, Cantor & Leone, P.A., 699 So.2d 850, 851 (Fla. 4th DCA 1997); Levin v. Rosenberg, 372 So.2d 956, 958 (Fla. 3d DCA 1979), approved by 409 So.2d 1016 (Fla.1982); Ownby v. Prisock, 243 Miss. 203, 138 So.2d 279 (1962). I am unaware of any decision which provides an appellate court with authority to assess a reasonable attorney's fee under a quantum meruit theory in the first instance, where that theory had not yet been pled or litigated by the parties at the trial level.[5] I do not agree that Dalia v. Alvarez, 605 So.2d 1282 (Fla. 3d DCA 1992), provides such authority. In Dalia, this court reduced the amount of appellate attorney's fees awarded by the lower court to the appellee on the grounds that they were excessive as a matter of law. There is no question that Dalia would provide support for us to reduce any fee awarded to the firm deemed excessive after a quantum meruit hearing. The problem is that we are not yet at this juncture. Thus, Dalia is not controlling.
In light of what we said in Wackenhut, I believe that we are compelled to now wipe the slate clean and remand this cause back to the trial court for its determination of a reasonable attorney's fee under a quantum meruit theory and without any consideration of the provisions of the unenforceable contract. This necessarily means that both sides would be allowed to introduce evidence as to what an appropriate hourly rate should be for the firm in this cause. This also would mean that firm must either return all money previously paid by King or hold such funds in an escrow account or the court's registry pending the outcome of the evidentiary hearing.
NOTES
[1] This agreement was signed in March 1993. One year later, the hourly rates were increased to $350 per hour for Mr. Young, and $165 to $275 per hour for other members of the firm. During negotiations leading up to contract with the firm, King was represented by counsel of his choosing.
[2] We distinguish the case sub judice from Title & Trust Co. of Fla. v. Parker, 468 So.2d 520, 524 (Fla. 1st DCA 1985) and 6A Arthur L. Corbin, Corbin on Contracts § 1250, at 757 (1962), which suggest that illegal terms may be refused enforcement without wholly avoiding the contract. We find, however, that the bonus provision is not illegal, but rather unenforceable under the Rules of Professional Conduct. See R. Regulating Fla. Bar, Preamble ("Violation of a rule should not... create a presumption that any legal duty has been breached."); Chandris, 668 So.2d at 186; Singleton, 435 F.2d at 969.
[3] The Second District Court of Appeal recently addressed a fee agreement similar to that at issue in the instant action, but held that the attorney in that action was not entitled to quantum meruit. See May v. Sessums, 700 So.2d 22 (Fla. 2d DCA 1997). We distinguish May from the case at bar because the Second District did not void the fee agreement but instead found only that the "additional fee" portion of the agreement was an unenforceable agreement to agree. See id. Those are not the facts here. We also note that the Second District expressly did not address the enforceability of a results obtained provision in a dissolution retainer agreement. See id.
[4] Because of the reversal of the trial court award we find no merit in the cross-appeal.
[5] The trial court below awarded fees solely pursuant to the parties' contract.