SHEVIN, Judge.
Melissa Lackey appeals an order disbursing settlement funds and approving the division of attorneys’ fees. We affirm in part, reverse in part, and remand.
Melissa Lackey was a passenger in a Ford Explorer driven by her boyfriend, Kelvin Naranjo. She was injured when the Explorer rolled over after a rear tire blew out. Naranjo retained Marvin Friedman to represent him. Thereafter, Lackey also retained Friedman and entered into a contingent fee agreement with him. Friedman referred the case to Mike Eid-son, of the Colson Hicks Eidson firm. Eidson testified that when he met Lackey, he told Lackey that Tab Turner, an Arkansas attorney, would be involved in the case.[1] Lackey did not sign a retainer agreement with either Eidson or Turner. Eidson’s firm sued Firestone/Bridgestone, Ford Motor Company and Naranjo on Lackey’s behalf. The case against Ford was settled. However, Lackey was dissatisfied with the attorneys’ fees detailed in the closing statement. It allocated 40% of *1188 the first million dollars as fees, pursuant to the Friedman contingent fee agreement, to be split among the three attorneys. Thereafter, Lackey discharged the attorneys.
The attorneys petitioned the court to approve the fee division and to disburse settlement funds as fees. Lackey asserted that the attorneys were only entitled to 33 1/3% of the first million dollars recovered. She challenged the fee request alleging that Friedman should be disqualified from recovering a fee because a conflict of interest existed between Lackey and Naranjo, and because portions of the agreement violated the Rules Regulating the Florida Bar. Lackey also argued that Eidson and Turner were not entitled to participate in the fee as she had not entered into a written agreement with them. After a hearing, the court approved Friedman’s requested fee, and approved Eidson and Turner sharing in that fee. Lackey appeals.
First, we address the issue of whether Friedman was entitled to recover fees under the contingent fee agreement. We are not persuaded that the inclusion of the infirm clauses renders the agreement void and forecloses Friedman from recovering his fee: the offending clauses are not at issue here. Hence, this is not a case where an attorney is seeking to recover fees under a void provision in a contingent fee agreement. Cf. King v. Young, Berkman, Berman & Karpf, P.A., 709 So.2d 572 (Fla. 3d DCA 1998)(attorney can’t recover under “bonus fee” clause as it violates Florida Bar Rules prohibition against contingent fees in divorce cases). See Chandris, S.A. v. Yanakakis, 668 So.2d 180 (Fla.1995)(attorney fee agreement void as non-Florida lawyer lacked capacity to contract to represent Florida litigant). In this case, Friedman seeks to recover under the contingent fee clauses of the agreement, which are not infirm. We will not hold that the inclusion of the unenforceable terms voids the entire contract. See King, 709 So.2d at 574 n. 2 (“illegal terms may be refused enforcement without wholly avoiding the contract.”).
We believe this result follows from the dictates of Chandris. The Chandris Court addressed the validity of a contingent fee agreement executed by a non-Florida lawyer. The Court declared that agreement void because a non-Florida lawyer lacks the capacity to represent clients in Florida. That is not the case here. The contingent fee clauses in Friedman’s agreement do not violate the rules governing contingent fees, as cautioned by Chandris, 668 So.2d at 185-86.[2] Although the non-complying clauses on other matters are unenforceable, they do not render the agreement void. Therefore, the offending provisions may be severed allowing for enforcement of the agreement. See King, 709 So.2d at 574 n. 2. Thus, we affirm the award of Friedman’s fee under the agreement.
We next address the issue of whether Eidson and Turner may partake in the contingent fee. Under Florida law, an attorney who has no contingent fee agreement with a client is only entitled to recover on a quantum meruit basis. Chandris, 668 So.2d at 186 n. 4; Searcy, Denney, Scarola, Barnhart & Shipley, P.A. v. Poletz, 652 So.2d 366 (Fla.1995). Hence, in this case, where Lackey never signed any agreement with Eidson and Turner, quantum meruit is the only recourse available to them. However, the record demonstrates that there is insufficient evidence to support the amount awarded by the trial court as a quantum meruit award. Eidson’s testimony did not *1189 specify the time he expended on the case or his hourly rate. Turner did not appear at the hearing and was not represented. In Searcy, the Court held that a trial court must consider the amount of time the attorneys devoted to the representation and a reasonable hourly rate as factors in computing an award, as well as the totality of the circumstances surrounding the client/lawyer relationship in awarding fees. Searcy, at 369; Frank J. Pepper, Inc. v. Vining, 788 So.2d 1160 (Fla. Sd DCA 2001). Here, although the trial court considered the latter, there was no testimony as to the former factors. We therefore reverse the portion of the order awarding fees to Eidson and Turner.[3] On remand, the court must hold an evidentiary hearing to take testimony on the Searcy factors sufficient to support an award.
Based on the foregoing, we affirm the award to Friedman, reverse the award to Eidson and Turner, and remand for further consistent proceedings.

. Turner and Eidson were involved in the federal multi-district litigation against Ford Motor Company.

. The Chandris requirements for contingent fee agreements are found at R. Regulating. Fla. Bar 4-1.5(f).

. We are not persuaded that Turner is barred from partaking in the fee by virtue of the fact that he is a non-Florida attorney. Chandris states that "a non-Florida attorney can join with a Florida attorney in a joint representation of a client in Florida on the basis of a contingent fee agreement that complies with the rules.” Chandris, 668 So.2d at 186. That is the situation here, as Friedman’s contingent fee agreement is enforceable.