# Third District Court of Appeal

**State of Florida**

Opinion filed November 4, 2015.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D14-2540
Lower Tribunal No. 13-11568
_____

**Emma Anderson,**
Appellant,

vs.

**50 State Security Service, Inc., etc., et al.,**
Appellees.

An appeal from the Circuit Court for Miami Dade County, Rosa I. Rodriguez, Judge.

Wasson & Associates and Annabel C. Majewski; Jeffery L. Allen, for appellant.

Alberto M. Carbonell, for appellees.

Before WELLS, SALTER and FERNANDEZ, JJ.

SALTER, J.

Emma Anderson, plaintiff in a personal injury case against 50 State Security Service, Inc. ("50 State"), appeals a circuit court order regarding the disbursement of the proceeds of her settlement with 50 State and its insurer. The underlying dispute is between two lawyers, each claiming a right to receive a contingent fee from those proceeds, and neither willing to negotiate an arrangement to share fees with the other.

Although we affirm the trial court's order on disbursement of the net settlement proceeds to Ms. Anderson (after authorizing a recovery of costs and payment of a 40% contingent attorney's fee to the first lawyer to enter into a written contingent fee contract with Ms. Anderson), we do so without prejudice to the right of the second lawyer to claim fees and costs from the first lawyer on the basis of quantum meruit, and in a separate action, should he elect to do so. We express no opinion as to the ultimate disposition of any such separate action.

<u>The Fee Agreements</u>

In February 2013, Ms. Anderson (then 82 years old) was riding a Miami-Dade Metrorail train. She was injured in an altercation with a Metrorail security guard. A week later, she retained attorney Alberto M. Carbonell to pursue her claim against 50 State. Ms. Anderson entered into a written retainer agreement including these terms:

> 2. The Attorney shall be compensated for services rendered only if a recovery is actually obtained for the **Client**. The fee to be paid to

the Attorney will be a percentage of the remaining balance of the recovery after suit costs, depending on the stage at which the recovery is received and the amount recovered:

. . . .

(b) If the claim is settled after the filing of a complaint in a court of law or administrative venue at any time through the trial of the case, the attorney shall be entitled to forty [ ] percent of the first $1 million recovered.

. . . .

4. The Attorney may, with the consent of the **Client**, associate any other attorney in the **representation** of the above claims of the **Client**.  If other attorneys are to be associated, the **Client** will be informed of the fee-sharing arrangement that the Attorney makes with the other attorneys.  A new fee contract, which includes the new attorneys, will be executed.  The **Client** shall have the right to consult with each attorney working on the case.

The agreement also provided that it would "continue in effect until the services to be performed under it have been completed or until either party cancels it by giving 30 days' prior written **notice** to the other."

Carbonell filed a complaint on behalf of Ms. Anderson in April 2013, and commenced discovery and other pretrial proceedings.  At Ms. Anderson's request, Carbonell also prepared a power of attorney giving Ms. Anderson's son, Donald Anderson, the power to sign documents and direct her lawyer in the case.

In August 2013, Ms. Anderson and her son retained attorney Jeffery Allen as co-counsel.  Carbonell and Allen were not affiliated in a law firm or other professional relationship.  Ms. Anderson and her son signed a second contingent fee agreement which provided a 40% contingent fee to Allen.  Carbonell was notified of this arrangement by email and written notice, but Ms. Anderson, her

3

son, Carbonell, and Allen did not modify Carbonell's retainer agreement, terminate that agreement, or otherwise specify an allocation of responsibility or fees in the case against 50 State.

Later that month, Allen was added to the service list in the lawsuit, and both Carbonell and Allen attended Ms. Anderson's deposition as co-counsel. Allen also participated in taking the deposition of the guard from 50 State. Carbonell filed a pretrial catalogue and a motion in limine, but in 2014 he acknowledged in emails that Allen would coordinate the witnesses for trial and take the lead in the case, including mediation. Allen filed three additional documents before the September 2014 mediation.

The second session of mediation was successful, culminating in a substantial settlement. The insurer required that the settlement check be made payable to the trust account of both attorneys, Carbonell and Allen. Carbonell filed a motion to compel disbursement of the settlement proceeds through his trust account, and he requested approval for his 40% retainer and closing statement. Allen opposed the motion, and the trial court heard the matter.

Testimony and argument at the hearing established that Ms. Anderson's son initially sought to retain Carbonell for his mother's claim. When the son became dissatisfied with the progress of the lawsuit, the Andersons approached Allen, retained him, and notified Carbonell. The son testified that he did not terminate

4

Carbonell as counsel because Carbonell was doing some free work for the son in a different case, and Carbonell had shown the son what that work would cost. The son was concerned that the free work would stop if they fired Carbonell.

The trial court held that it was Allen's responsibility to have obtained a written arrangement with Carbonell before entering the case as co-counsel and performing services. Alternatively, the trial court noted, Carbonell might have been terminated by Ms. Anderson and limited to a quantum meruit claim for his work performed to the date of termination. The trial court approved Carbonell's settlement statement, including the disbursement of costs and the contractual 40% contingent fee to Carbonell, with no payment to Allen. Ms. Anderson's notice of appeal followed, filed and served by Allen as her attorney. Allen individually was not a party below, and his motion to intervene as a party here was denied.

Analysis

We affirm the trial court's ruling because Allen's second 40% contingency would not adhere to the Rules Regulating The Florida Bar and would be unenforceable. Chandris, S.A. v. Yanakakis, 668 So. 2d 180, 186 (Fla. 1995). Rule 4-1.5(f)(4)(D) of those Rules contemplates a division of contingency fees when there are attorneys from separate firms, but it is incumbent on the lawyers to come to an agreement for that allocation and to obtain client and court consent

before the fees are disbursed. The comments to Rule 4-1.5 provide guidance regarding that process.

Nonetheless, there are several communications in the record which evidence Carbonell's consent, if not request, for Allen to perform useful services and to make payments for costs in the case. Although this appeal is not in the correct procedural posture for a quantum meruit claim by Allen directly against Carbonell, there is authority for such a claim for an attorney providing services but lacking a contingent fee agreement. Lackey v. Bridgestone/Firestone, Inc., 855 So. 2d 1186 (Fla. 3d DCA 2003).

In the present case, Allen's objection to Carbonell's motion for disbursement of all settlement proceeds through his trust account did not assert a quantum meruit claim. As appellant, Ms. Anderson (and her son) established that she need only pay one 40% contingent fee, but she has not established that only Carbonell performed services or that Carbonell did not incur an obligation to compensate Allen. Nor has Ms. Anderson established that it was error to permit the settlement proceeds to be paid via Carbonell's trust account, as he was counsel of record and was never terminated.

While we express no opinion on the ultimate disposition of any separate and subsequent claim by Allen against Carbonell, it does appear that The Florida Bar's non-binding elective fee mediation services might assist the attorneys in resolving

6

their dispute. The order under review is therefore affirmed without prejudice to Allen's right to pursue a quantum meruit recovery against Carbonell in an independent action.

Affirmed.