# Third District Court of Appeal
## State of Florida

Opinion filed July 27, 2022.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D21-1953
Lower Tribunal No. 17-10876
_____

**Your Support Solution, P.A. d/b/a Support Solutions,**
Appellant,

vs.

**Belkys Ovalles,**
Appellee.

An Appeal from the Circuit Court for Miami-Dade County, David Young, Judge.

Your Support Solution, P.A. d/b/a Support Solutions, and Lawrence J. Shapiro, for appellant.

Forrest Sygman, P.A., and Forrest Sygman and Marlene Collazo, for appellee.

Before LOGUE, LINDSEY, and LOBREE, JJ.

LINDSEY, J.

Appellant Your Support Solution, P.A. d/b/a Support Solutions appeals from an order denying its motion to enforce a charging and retaining lien against its former client, Appellee Belkys Ovalles. The order determines that Support Solutions' Contingency Fee Agreement is unenforceable. We reverse because the Florida Rules of Professional Conduct do not prohibit contingency fee agreements for legal representation to recover post-judgment child support arrearages.

## I.    BACKGROUND

In May 2017, Ovalles filed a petition to determine paternity, which sought child support from the putative father. An agreed final judgment of paternity was entered in July 2018. Pursuant to the final judgment, the father agreed to pay monthly child support in the amount of $750. Support Solutions did not represent Ovalles during this time, and it was not involved in securing the amount of child support.

Ovalles hired Support Solutions in May 2020 to initiate post-judgment collection proceedings to recover past due child support. Ovalles signed a written Contingency Fee Agreement and agreed to pay Support Solutions a set percentage of any amounts recovered. A few months later, Support Solutions helped secure a Final Judgment of Support Arrearages, which

determined Ovalles was due eight months of past due child support, from March 2020 to October 2020.

After obtaining the Final Judgment of Support Arrearages, Ovalles terminated her attorney-client relationship with Support Solutions and hired Forrest Sygman, P.A. Support Solutions filed a notice of charging and retaining lien and moved to enforce the lien. In response, Ovalles filed a request for judicial notice, attaching Florida Rule of Professional Conduct 4-1.5, which concerns Fees and Costs for Legal Services. Ovalles later filed a Memorandum of Law Regarding Enforceability of Contingency Fee Agreements in which she argued that the Contingency Fee Agreement was unenforceable and void pursuant to Rule 4-1.5(f)(3)(A).

Following a hearing, the trial court issued an order denying Support Solutions' motion to enforce the charging and retaining lien. The court concluded that Rule 4-1.5(f)(3)(A) prohibited contingency fees as against public policy in this case. Support Solutions timely appealed.

## II.    ANALYSIS

The issue before us is whether a contingency fee agreement for legal representation to recover post-judgment child support arrearages is enforceable. This case involves the interpretation and application of the

3

Rules of Professional Conduct, which is a pure legal issue subject to de novo review. Young v. Achenbauch, 136 So. 3d 575, 580 n.3 (Fla. 2014).

Rule 4-1.5(f) governs contingency fees. In general, contingency fees are permitted except as prohibited by 4-1.5(f)(3) or by law. Rule 4-1.5(f)(3) provides in pertinent part as follows:

> (3) A lawyer must not enter into an arrangement for, charge, or collect:
>
> (A) any fee in a domestic relations matter, the payment or amount of which is contingent on the securing of a divorce or on the amount of alimony or support, or property settlement in lieu thereof . . . .

Ovalles maintains that the Contingency Fee Agreement in this case is unenforceable pursuant to Rule 4-1.5(f)(3)(A). We disagree. As set forth by the plain language of the Rule, contingency fees are not permitted in domestic relations matters if contingent "*on the amount of . . . support*[.]"[1] Here, Support Solutions had nothing to do with establishing the amount of support, which is set forth in the July 2018 final judgment of paternity.

---

[1] Contingency fees are likewise not permitted if contingent on securing a divorce. Though this is not a divorce action, Ovalles and the trial court both rely on King v. Young, Berkman, Berman & Karpf, P.A., 709 So. 2d 572, 573 (Fla. 3d DCA 1998). In King, this Court invalidated a fee provision because it improperly included a "bonus fee" based on results obtained in a dissolution action. King is inapplicable to the instant case, which involves a contingency fee agreement to recover child support arrearages in a post-judgment paternity action.

Support Solutions was hired to recover past-due amounts nearly two years after the final judgment established the amount of support.

Consistent with the clear language of Rule 4-1.5(f)(3)(A), the Comment to the Rule explains as follows:

> Subdivision (f)(3)(A) prohibits a lawyer from charging a contingent fee in a domestic relations matter when payment is contingent upon the securing of a divorce or upon the amount of alimony or support or property settlement to be obtained. *This provision does not preclude a contract for a contingent fee for legal representation in connection with the recovery of post-judgment balances due under support, alimony, or other financial orders because such contracts do not implicate the same policy concerns.*

(Emphasis added).

Because the plain language of Rule 4-1.5(f)(3)(A) does not prohibit a contingency fee to recover post-judgment child support arrearages, the Contingency Fee Agreement in this case is enforceable. We therefore reverse and remand for further proceedings.[2]

Reversed and remanded.

---

[2] The only issue before us is whether the Contingency Fee Agreement is enforceable. We do not address the amount of fees, which will be determined below.

LOGUE, J., concurring.

I concur in the holding that contingency fees are not per se prohibited to collect post-judgment balances, which I understand as arrearages, due under support, alimony, or other financial orders where such fees do not implicate the general policy concerns behind the general prohibition on contingency fees in domestic relation cases. I write only to note that Your Support Solution, P.A. obtained a judgment of $6,000, collected $1,085.71, and requested fees in the area of $25,370 under the contract at issue. If these fees are recognized as a lien against future payments, the support payments of $750 a month will be paid to the attorney rather than the child for over the next two years, if not paid by another source. Because the trial court did not do so, we do not reach more specific issues relating to the use of contingency fees to collect post-judgment balances due under support, alimony, or other financial orders. We leave those issues to be addressed by the trial court in the first instance.