638 So.2d 517 (1994)
Walter Edward WHITNEY, Appellant,
v.
Drue Leslye WHITNEY, Appellee.
No. 93-1594.
District Court of Appeal of Florida, Third District.
January 11, 1994.
Maland & Ross and Lauri Waldman Ross, Arnold Nevins, Miami, for appellant.
Caruana, Gordon, Langan and Eisenberg and Elena B. Langan, Miami, for appellee.
Before BARKDULL, JORGENSON and GERSTEN, JJ.
PER CURIAM.
Walter Edward Whitney appeals from an order awarding his former wife attorney's fees in a post dissolution modification proceeding. For the following reasons, we reverse and remand.
The parties were divorced in 1989 following a six-year marriage; they have two minor children. The Final Judgment of Dissolution of Marriage incorporated a marital settlement agreement that provided for child support of $2,000 per month. In September, 1991, the former husband sought a downward modification of his child support obligations on the basis of a substantial change in circumstances. Although the husband had been a partner in the accounting firm of Peat, Marwick when the dissolution was entered, he lost that job and took a position with another employer at a substantially lower salary. The trial court denied the husband's petition; this court reversed. Whitney v. Whitney, 624 So.2d 275 (Fla. 3d DCA 1993). The wife sought fees in the trial court and was awarded $14,200 for 71 hours of work at $200 per hour.
The trial court abused its discretion in determining the amount of fees to which the wife was entitled.
"In deciding upon amounts to be awarded as attorney's fees, a trial court must consider not only the reasonableness of the fees charged but the appropriateness of the number of hours counsel engaged in performing his services as well. The court should review the nature of the services rendered and the necessity for their performance, along with the reasonableness of the charges."
Mercy Hospital, Inc. v. Johnson, 431 So.2d 687, 688 (Fla. 3d DCA), rev. denied, 441 So.2d 632 (Fla. 1983). See also Valparaiso Bank & Trust Co. v. Sims, 343 So.2d 967, 972 (Fla. 1st DCA) (when reviewing award of fees, appellate court should consider complexity of issues, nature of responsibility undertaken, services required, and skill and diligence necessary), cert. denied, 353 So.2d 678 (Fla. 1977).
In this single-issue case, the claim for hours reasonably expended is excessive, and is subject to reduction. See, e.g., Dalia v. Alvarez, 605 So.2d 1282, 1283 (Fla. 3d DCA 1992). The wife was represented by an experienced competent attorney in routine modification proceedings which involved no novel or complex questions of law or fact. The husband's petition generated one two-hour deposition, routine document discovery, and one final hearing. On the basis of the record, "we conclude that there was nothing *518 complex about the case that an experienced attorney could not have handled in one-half the time claimed." Dalia, 605 So.2d at 1284.[1]
We reverse and remand with directions to award fees in an amount not to exceed $7,000.
NOTES
[1] Although the hours which the trial court found reasonable were within the range of the experts' testimony presented at the hearing before the General Master, "[t]he existence of such evidence does not require that we abandon our own expertise, much less our common sense." Miller v. First American Bank & Trust, 607 So.2d 483 (Fla. 4th DCA 1992).