639 So.2d 1094 (1994)
Judith Mayo CARLSON, Appellant/Cross-Appellee,
v.
Robert Charles CARLSON, Appellee/Cross-Appellant.
Nos. 92-1516, 92-2355, and 92-2378.
District Court of Appeal of Florida, Fourth District.
July 20, 1994.
*1095 Lewis Kapner of Lewis Kapner, P.A., West Palm Beach, for appellant/cross-appellee.
Donald Beverly of Beverly, Tittle & Clarfield, and Jane Kreusler-Walsh of Jane Kreusler-Walsh, P.A., West Palm Beach, for appellee/cross-appellant.
POLEN, Judge.
These consolidated appeals involve post-final judgment modification proceedings wherein the former wife sought an extension of her rehabilitative alimony, or in the alternative, conversion to permanent periodic alimony. The trial court found she was not entitled to modification, but granted in part her claim for attorney's fees, awarding approximately two-thirds of the amount her counsel claimed as fees, costs and interest, or $37,000. She now appeals the denial of modification, and the trial court's failure to award the full amount of her attorney's fees. We affirm as to those issues raised by the former wife's appeal. On the former husband's cross-appeal, directed to the former wife's trial and appellate attorney's fees, we reverse in part and affirm in part.
Once again, we are called upon to review an award of attorney's fees in a dissolution of marriage (or post-judgment) proceeding which we believe to be clearly excessive.[1] Counsel for the former wife sought an award of some $55,000 in fees and costs for what appears to be a single-issue (other than fees), uncomplicated modification proceeding. As indicated above, we find unpersuasive the former wife's argument that the trial court erred in awarding "only" about two-thirds of those fees and costs.
The former husband's cross-appeal raises two points directed at the award of fees and costs. His second point, that the trial court abused its discretion in awarding fees and costs to former wife's counsel for this appeal, we find equally unpersuasive. His first point, however, has merit.
The former husband argues that the trial court erred in failing to make findings breaking down the reasonable hours expended by the former wife's lead counsel, his associate, his law clerk, and his paralegal. The court did indicate counsel's firm sought a total of 278.75 hours for work expended between May 1, 1991, and June 17, 1992, 237 hours of which were expended in the first 4 1/2 months up to the date of the modification hearing. (It should be noted that former wife's trial counsel succeeded another attorney who had been paid $11,000 in fees.) The court then deducted $4,801.15 for various hours disallowed from the aggregate amount of $59,963.05 counsel was seeking for fees ($51,485.00), costs ($5,305.32), and interest ($3,172.73). This left a balance of $55,161.90, which the trial court found to be "reasonable." It ordered the former husband to pay $37,000 of that amount. The one issue upon which we can agree with the trial court here is its statement: "This is a lot of money."
*1096 We agree with the former husband that it was reversible error for the trial court not to make findings as to the breakdown of reasonable hours expended among the various personnel in counsel's office, nor to make the other findings required by Florida Patient's Compensation Fund v. Rowe, 472 So.2d 1145 (Fla. 1985); see also Seaton v. Seaton, 563 So.2d 837 (Fla. 4th DCA 1990). We further hold that it was error to include any portion of the interest which former wife's counsel charged his client, in the award to be paid by the former husband. The cases cited by former wife as support for the interest award are not marital cases, and we decline to extend their holding to cases such as this, where the entitlement to such fees arises solely from section 61.16, Florida Statutes (1991).
Lastly, we agree with the trial court's determination that former wife's counsel's billing practices did not constitute improper "unit billing" as was disapproved of in Browne v. Costales, 579 So.2d 161 (Fla. 3d DCA 1991).
Reversed and remanded on cross-appeal for further proceedings consistent with this opinion.
GLICKSTEIN and WARNER, JJ., concur.
NOTES
[1] See Tomaino v. Tomaino, 629 So.2d 874 (Fla. 4th DCA 1993); Whitney v. Whitney, 638 So.2d 517 (Fla.3d 1994); Dralus v. Dralus, 627 So.2d 505 (Fla. 2d DCA 1993).