ALLEN, Judge.
The appellant challenges an award of attorneys’ fees, contending that the trial court erred in applying a multiplier to the lodestar attorney fee, and in applying the multiplier to the appellate fees awarded. We affirm.
This case arose from a dispute over a broker’s fee. Following a jury verdict for the appellee, the court entered judgment for the appellee and reserved jurisdiction to award attorneys’ fees and costs as provided by the parties’ contract. The court subsequently held a hearing on the costs and attorneys’ fees and determined the proper lodestar fee. The court then enhanced the lodestar by a factor of 2.0 due to “the substantial uncertainty of prevailing, the substantial uncertainty of collecting and because the result obtained was the maximum possible result.” Accordingly, the appellee was awarded attorneys’ fees based on the enhanced lodestar.
We conclude that the use of a multiplier in this case is consistent with the dictates of Florida Patient’s Compensation Fund v. Rowe, 472 So.2d 1145 (Fla.1985), and Standard Guaranty Insurance Company v. Quanstrom. 555 So.2d 828 (Fla.1990), and their progeny. Accordingly, we reject the appellant’s first argument that there was no basis for the use of a multiplier.
The appellant next argues that in any event the multiplier should not apply to the fees earned from the appeal. The appellant reasons that the appeal process begins a new case and that a multiplier is inappropriate because the appellee’s likelihood of success on appeal was high since he won in the trial court. We do not find that reasoning sufficiently compelling to preclude application of the multiplier to the appellate fees in this case. Although no Florida case has addressed the precise argument advanced by the appellant, the supreme court in State Farm Fire & Casualty Company v. Palma, 629 So.2d 830 (Fla.1993), approved the use of a multiplier for fees earned in the district court of appeal and supreme court for litigating entitlement to attorneys fees. Further, the case law clearly recognizes that the moment for determining the likelihood of success is “at the outset” or “at the time the case was initiated.” Rowe, 472 So.2d at 1151; e.g., Quanstrom, 555 So.2d at 835; Lane v. Head, 566 So.2d 508, 510 (Fla.1990). Here, the appellee employed the same attorneys from the beginning of the litigation through appeal. The trial court determined that at the time representation commenced, the probability of success was low. Because there was no change in representation and both the trial and appellate work were governed by a contingency arrangement, there is no reason to treat the appellate hours differently from the trial hours.
AFFIRMED.
BOOTH and BENTON, JJ., 'concur.