COBB, J.
The issue on this appeal is the denial by the trial court of the wife’s request for temporary attorney’s fees in a dissolution action. The order entered by the trial court in response to a rehearing motion filed by the wife persuasively sets forth the rationale of the trial court; that order provides:
1. The 15 minute hearing was held as scheduled on January 14, 1998, on the Wife’s Motion for Temporary Attorney Fees.
2. As is customary, the matter was considered as an emergency.
3. During the hearing, the Court inquired of the Wife’s need for temporary attorney fees, and advised the parties that a cursory review of the Wife’s Financial Affidavit indicated the absence of need, at least on a temporary basis.
4. The Wife’s Financial Affidavit under “Cash On Hand”, at Page 8, indicates a total of $981,463.00, including what appeared to be over $100,000.00 of cash in checking accounts. The Affidavit, sworn to by the wife, shows the Wife’s total assets' of Eight Million S’x Hundred Sixty-Seven Thousand Six Hundred Four and No/100 Dollars ($8,667,604.00). Significantly, the Wife’s Affidavit shows the Husband’s assets at a Half Million Dollars less, or Eight Million One Hundred Sixty-Six Thousand Four Hundred Four and No/100 ($8,166,404.00) The Affidavit indicates no liabilities and a combined family net worth of $16,859,007.00.
5. The parties have been married for more than 45 years, and have no minor children. There is no allegation that either party had significant assets at the time of the marriage over 45 years ago.
6. The Wife’s Financial Affidavit indicated her personal income during 1996 at $74,000.00. Counsel for the Husband represented that the Wife continues to receive income from the family business, which her Affidavit estimates to be 50 percent owned by each party. The Court finds it difficult to comprehend the basis upon which these parties have the need for the Court to become involved in temporary attorney fees to be awarded to the Wife, when her Affidavit reflects that she is a 50 percent owner of all of the wealth of the family, in addition to property worth another half million dollars of her own. The Court notes that the Wife has added to her Affidavit the following: “The Wife believes the Husband has other business interests which will be discovered during the pen-dency of this case.” (at Page 9)
7. The Court has carefully reviewed all of the cases cited by the Wife’s attorney to find some basis upon which the Court could legally require one party, in circumstances as those before the Court, to pay to the other temporary attorney fees. No basis was found in those cases, nor in any other source reviewed.
8. While the Wife’s attorney argues in his Motion that the Husband is able to hire a lawyer and the Wife is not, the Wife’s Affidavit suggests the contrary. The Motion contends that “The Wife’s available assets pale in comparison to those of the Husband.” Her Affidavit swears she holds more assets than the Husband.
9. In accordance with the teachings of Robbie v. Robbie, 591 So.2d 1006 (Fla. 4th DCA 1991), the Court hereby determines on the record that there is no financial disparity between these parties. Legal services of the highest quality in the most extreme quantity are available to both parties. The particular issues to be litigated seem to be disposition of a multi-million dollar family estate, which it appears to the Court will be a relatively simple even division, based upon what appears to be an extremely long-term marriage, with no contributions to the assets except from the parties during their marriage. There is no needy party; there is no amount necessary to equalize the representation of the parties, and they are both financially able to provide for the legal services of any lawyer or lawyers in the country.
*1220 10. These parties have the constitutional right to hire lawyers of their choice. They each have more than adequate means to hire the finest lawyers. While the parties have the right to employ as many lawyers as they choose, the Court will not assess lawyer fees for or against any party for more than one lawyer for a matter in which more than one lawyer is not required. The Court will not assess any fees for any matter which does not rise to the level of a justiciable issue.
Upon consideration of the Wife’s Motion-for Reconsideration, the legal authorities submitted by both parties, the Court’s own research, and the Court file, it is ORDERED that the Motion for Reconsideration be and the same is hereby DENIED.
It is further ORDERED that no attorney fees will be awarded to the Wife’s attorneys — either on a temporary or permanent basis — for the hearing on the Motion for Temporary Attorney’s Fees.
AFFIRMED.
ANTOON, J., concurs
GRIFFIN, C.J., concurs specially, with opinion.