SUAREZ, J.
Sunshine State Insurance Company (“Sunshine”) appeals from a final judgment awarding attorney’s fees and costs. We affirm.
This matter arises out of claims filed by Anthony L. Davide (“Davide”) pursuant to his insurance policy with Sunshine, for wind damage caused to his Miami home by Hurricane Katrina on August 25, 2005. Following Sunshine’s investigation and payment, dispute arose as to reasonable estimated costs of repair, depreciation, etc. The matter went to appraisal pursuant to the insurance policy, and on November 2, 2006, an appraisal award was rendered by the insured’s appraiser and the neutral Umpire selected by both parties. The subsequent appraisal award issued, but because of the wording of the appraisal award, Sunshine claimed it was unsure whether the amount awarded had already taken into account deductions for depreciation, or whether Sunshine was to deduct the depreciation from the amount awarded.[1] Sunshine made numerous inquires to the Umpire in an attempt to clarify the issue, but never received a response. On November 28, 2006, within the sixty days required by the insurance policy, Sunshine sent a check to the insured for the appraisal award but deducted from the appraisal award the amount it unilaterally concluded would be the amount of depreciation.[2]
On March 2, 2007, Davide, now represented by counsel, filed a complaint against Sunshine for breach of contract, bad faith, and to confirm the appraisal award. On March 8, 2007, Davide’s counsel sent Sunshine a letter that he had received from the neutral Umpire approximately one week prior to filing suit, stating that depreciation had already been deducted from the final appraisal award. Davide’s attorneys sent this letter along with a motion to add punitive damages to the bad faith claim of the complaint.
On March 19, 2007, Sunshine filed its motion to dismiss Davide’s complaint, which was denied on April 3, 2007. On April 4, 2007, Sunshine paid to Davide the depreciation amount it had previously withheld from the appraisal award. At this point, as Sunshine states in its brief and as evident from a review of the record, a flurry of motions and other pleadings ensued, which multiplied over the next ten *1144 months. Some of these motions and pleadings were directed to the bad faith count, some to the breach of contract count and some, to the motion to confirm the appraisal award. On February 11, 2008, the trial court heard arguments and ruled upon numerous pending motions. These included a motion to retroactively confirm the appraisal award, the issue of the insurer’s confession of judgment for the depreciation payment, summary judgment as to the breach of contract claims on counts I and II of the complaint for alleged late payment of the depreciation check, and the insured’s counsel’s motion for entitlement to attorney’s fees and costs for having recovered the depreciation payment.[3] At this hearing, the trial court granted Davide’s motions for entitlement to attorney’s fees and costs for having recovered the depreciation payment.
An evidentiary hearing to determine the amount of the fees and costs claimed by Davide’s attorney generated three days of testimony, on November 25, 2009, February 26, 2010, and July 21, 2010. The seven volumes of transcripts forwarded to this Court for the three days of the evidentiary hearing contained testimony by Davide’s attorney, an expert for Davide’s attorney as to attorney’s fees and costs, the expert for Sunshine’s attorney on attorney’s fees, testimony as to costs, closing arguments and 200 pages of exhibits. The suit resulted in recovery for Davide of the wrongfully withheld appraisal award amount of $49,000.00. Davide’s attorney requested fees for 225 hours of time expended at $650.00 per hour. The trial court, in a very detailed order, awarded 150 hours at $450.00 per hour plus a multiplier of 2.0 with costs and expert fees. This calculation resulted in an attorney’s fee award of $138,000.00, close to three times the amount of the recovered depreciation amount. Sunshine appealed.
In determining the amount of attorney’s fees to be awarded, a trial court is required to use the lodestar approach and the eight factors required to be used in an attorney’s fees hearing, pursuant to Rule 4-l,5(a), Rules of Professional Conduct, and following Florida Patient’s Compensation Fund v. Rowe, 472 So.2d 1145 (Fla.1985), as modified by Standard Guaranty Insurance Co. v. Quanstrom, 555 So.2d 828 (Fla.1990). The trial court must determine the time spent, as well as a reasonable hourly rate for such representation. The trial court then may order a contingent risk multiplier depending upon the trial court’s determination of the attorney’s likelihood of success at the onset of the case. The trial court is then required to issue a detailed order with findings of fact and conclusions of law to explain the trial court’s award. See Rowe, 472 So.2d at 1151-52.
We review the trial court’s award under an abuse of discretion standard. Universal Beverages Holdings, Inc. v. Merkin, 902 So.2d 288, 290 (Fla. 3d DCA 2005). When a cause is tried without a jury, the trial judge’s findings of fact are clothed with a presumption of correctness on appeal, and these findings will not be disturbed unless the appellant can demonstrate that they are clearly erroneous. Federated Dep’t Stores, Inc. v. Planes, 305 So.2d 248, 248-^9 (Fla. 3d DCA 1974); Hill v. Coplan Pipe & Supply Co., 296 So.2d 567 (Fla. 3d DCA 1974). In this case, the trial court issued a very detailed order specifically listing the facts upon *1145 which it relied as well as detailed conclusions of law to support the award.
Sunshine raises two main issues on appeal. Sunshine first alleges that Davide’s attorney’s claim for hours expended from April 7, 2010, through February 11, 2011, was unnecessary and without merit. Sunshine further alleges that the insured’s attorney claimed, and was awarded, fees for time that was directed not to the first two counts of the complaint, but to count three, the alleged bad faith claim, which is still pending and therefore cannot be awarded.[4]
 Based upon a review of the record and the detailed court order, we do not find that the trial court abused its discretion in awarding the attorney’s fees for 150 hours, which the trial court reduced from the requested 225 hours, based, as the trial court said, on expert testimony. The trial court in its detailed order specifically found that, as to the breach of contract action and subsequent payment of the amount requested during litigation, the hours were necessary and crucial to reaching the results that were obtained. Additionally, the trial court specifically stated that it reduced the number of hours requested from 225 to 150, based upon the plaintiffs own expert testimony concerning duplication and unnecessary time. It is not within our purview, nor is it part of our standard of review, for this court to reweigh the credibility of the witnesses or to evaluate the facts de novo. Those are issues for the trial court. Our review of the record shows that there is competent substantial evidence to support the trial court’s findings, and we conclude that the trial court did not abuse its discretion when it made its findings of fact and conclusions of law.
Sunshine next alleges that the trial court awarded fees for attorney time spent concerning the not-yet-resolved count III, alleged bad faith, which, it argues, cannot be awarded at this juncture. In the transcript, the trial court reasoned that the insured’s attorney would be allowed time for work on the bad faith claim at this point because that action was, somehow, necessary to reach a resolution of the breach of contract claim. But the trial court also specifically states in its written order that hours claimed that relate solely to the unresolved count III were not com-pensable, and those hours were deducted by the trial court from the total number of hours ultimately awarded.
Sunshine next disputes the multiplier applied to the fees claim in this action. We can understand Sunshine’s position but, once again, there is evidence in the record presented by the experts to support the trial court’s conclusion. The Florida Supreme Court in Rowe expressly authorized multipliers and prescribed the permissible range. 472 So.2d at 1151. No abuse regarding application of a multiplier has been shown on this record.
As with other discretionary decisions, we must affirm the order of the trial court if reasonable people could differ as to the propriety of the action taken. Canakaris v. Canakaris, 382 So.2d 1197 (Fla.1980). In its order setting the attor *1146 ney’s fees, the trial court fully analyzed the factors to be considered in determining reasonable costs and fees pursuant to the Florida Bar’s Rule of Professional Conduct 4-1.5(a), as well as the required elements of Rowe and Quanstrom, in making the award, and made detailed findings of fact that are supported by competent substantial evidence. We affirm on all remaining issues.
Affirmed.

. We note that, and wonder why, the record before this Court is devoid of any explanation from the insurer’s appraiser as to this question.

. In granting entitlement to attorney’s fees up to February 11, 2008, the trial court stated that the efforts spent by the insured’s attorney up to that date for sorting out this issue would not have been necessary had the insurer, rather than having taken a unilateral deduction from the award, used other avenues open to it, such as the courts, to determine exactly what the appraisal award meant.

. The trial court’s ruling as to the date from which the interest accrued was taken as an interlocutory appeal to this court and was reversed in favor of the insurer. Sunshine State Ins. Co. v. Davide, 15 So.3d 749 (Fla. 3d DCA 2009).

. We do not address the issue of whether or not the insurer's post-suit payment of additional policy proceeds even entitles the insured to attorney’s fees pursuant to section 627.428, Florida Statutes (2010). The first issue in such an award is whether or not the insurer wrongfully caused its insured to have to resort to litigation in order to resolve a conflict with the insurer, when it is within the insurer’s power to resolve it. Beverly v. State Farm Fla. Ins. Co., 50 So.3d 628 (Fla. 2d DCA 2010). This is the first question that needs to be addressed in any section 627.428 issue. This factual issue was not presented below and was not presented here on appeal.