*? OPINION ON MOTION FOR REVIEW
PER CURIAM.
On remand from this court’s decision in Board, of Trustees v. Kicklighter, 106 So.3d 8 (Fla. 1st DCA 2013), after hearing arguments of counsel, the trial court awarded Joseph Kicklighter, appellee, appellate attorney’s fees in the total amount of $52,991.10 allocated between the two law firms representing appellee on appeal. In awarding fees to Delegal Law Offices, P.A., the trial court used a fee multiplier of 1.5, ruling as follows:
This Court previously determined that a fee multiplier of 1.5 is appropriate for attorneys fees awarded to Delegal Law Offices, P.A. Pursuant to the case of Stack v. Lewis, 641 So.2d 969 (Fla. 1st DCA 1994), when a trial court makes the determination as to the appropriateness of a fee multiplier, that same determination applies to the appellate fees expended by the same counsel in litigating the case on appeal. Accordingly, the Court finds that a fee multiplier of 1.5 is appropriate for the fees awarded to Dele-gal Law Offices, P.A.
Pursuant to Rule 9.400(c), Florida Rules of Appellate Procedure, the Board of Trustees of the Jacksonville Police & Fire Pension Fund, appellant, seeks review of the trial court’s order setting the amount of the fee arguing that, although the parties stipulated to the loadstar attorney’s fees for appellee’s attorneys, the trial court erred in applying a 1.5 contingency multiplier to appellate fees awarded Delegal. Appellant asserts that the trial court’s reliance on Stack is misplaced because here, unlike in Stack, special appellate counsel was retained and there is not a “substantial uncertainty of collecting.” Stack, 641 So.2d at 970.
We find Stack controlling. Although the trial counsel associated an appellate specialist, the record reflects that trial counsel provided approximately 75% of the legal services performed on appeal. Further, the multiplier was not applied to the fees awarded the appellate specialist. We review the order under an abuse of discretion standard. Jones & Granger v. Johnson, 788 So.2d 381, 382 (Fla. 1st DCA 2001). Finding no abuse of discretion, we affirm.
Appellant also asserts that it is challenging the appellee’s entitlement to fees based upon the Second District’s recent decision in Board of Trustees of City Pension Fund for Firefighters & Police Officers in the City of Tampa v. Parker, 113 So.3d 64 (Fla. 2d DCA 2013). In Parker, the court held that the prevailing party attorney’s fees provision in section 175.061(5) and 185.05(5), Florida Statutes, did not apply to a local government pension fund established pursuant to special law. Appellant’s argument ignores the fact that entitlement was decided here in the direct appeal and that appellant failed to make any argument, before the trial court or this court, that sections 175.061 and 185.05(c) were not applicable in this case. Thus, appellant has failed to preserve the Parker issue by failing to make this argument before the trial court and has waived the argument by failing to make it on appeal.[1] See Sunset Harbour Condo. Ass’n v. Robbins, 914 So.2d 925, 928 (Fla.2005) (“In order to be preserved for further review by a higher court, an issue must be presented to the lower court and the specific legal argument or ground *512 to be argued on appeal or review must be part of that presentation if it is to be considered preserved.” (quoting Tillman v. State, 471 So.2d 32, 35 (Fla.1985)); see also David M. Dresdner, M.D., P.A. v. Charter Oak Fire Ins. Co., 972 So.2d 275, 280 (Fla. 2d DCA 2008) (holding that any potential issue pertaining to the final judgment for attorney’s fees and costs in favor was waived or abandoned by the appellant’s failure to make any argument on appeal regarding the issue)).
In fact, appellant actually acquiesced to the entitlement of attorney’s fees pursuant to section 175.061. In particular, appellant requested this court, in the concluding paragraph of its initial brief on the direct appeal, to reverse and reward appellant attorney’s fees and costs pursuant to section 175.061(5). Additionally, in its reply brief, appellant also stated that it “does not dispute that Chapter 175 allows for the award of a reasonable fee.” As such, appellant affirmatively acquiesced to the entitlement of attorney’s fees pursuant to section 175.061.
Based upon the foregoing, we AFFIRM.
WOLF, VAN NORTWICK, and CLARK, JJ., concur.

. Appellant's first attempt to even assert the entitlement issue was not until it filed its motion for rehearing in the direct appeal of this case. This, however, was already too late. See Fla. R. App. P. 9.330(a) ("A motion for rehearing ... shall not present issues not previously raised in the proceeding”.)