# Third District Court of Appeal

## State of Florida

Opinion filed September 16, 2015.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D14-1291
Lower Tribunal No. 10-6692
_____

**State Farm Florida Insurance Company,**
Appellant,

vs.

**Jose Alvarez and Martha Alvarez,**
Appellees.

An Appeal from the Circuit Court for Miami-Dade County, Jorge E. Cueto, Judge.

Ubaldo J. Perez, Jr.; Russo Appellate Firm, P.A., and Elizabeth K. Russo, for appellant.

Diaz, Reus, Targ, LLP, and Juan Ramirez, Jr.; Alvarez, Carbonell, Feltman & Da Silva, P.L., and Paul B. Feltman, for appellees.

Before ROTHENBERG, SALTER, and LOGUE, JJ.

LOGUE, J.

State Farm Insurance Company ("Insurer") appeals a final judgment for attorneys' fees entered in favor of Jose Alvarez and Martha Alvarez (collectively, "Insureds"). We affirm in part, reverse in part, and remand.

**FACTS AND PROCEDURAL HISTORY**

This case arises from the Insureds' supplemental claim for property damage to their home caused by Hurricane Wilma in 2005. The Insurer initially paid the Insureds $13,700. In 2009, however, the Insureds retained a public adjuster who prepared a report reflecting a claim for an additional $80,000 in damages to the property. Based on the public adjuster's report, the Insureds requested appraisal pursuant to the insurance policy. The Insurer denied the request. The Insureds then retained counsel, who brought suit in 2010 against the Insurer for breach of the policy's appraisal provision.

The Insureds' lawsuit rested largely on the report of the public adjuster. Their sworn proof of loss, prepared after the lawsuit was filed, made a demand reflecting the public adjuster's estimate. In response to the Insurer's requests for production and interrogatories, the Insureds largely referred to the public adjuster's estimate. The Insureds also listed the public adjuster as their expert witness for trial.

The case proceeded in an unremarkable and fairly straightforward manner. Apart from a successful, but non-dispositive motion to dismiss, and a heated

2

hearing over whether appraisal had been waived, most of the court file concerned the Insurer's motions to compel the production of documents and the scheduling of the Insureds' and the public adjuster's depositions, which also involved several motions to compel.

After three years of litigation of this sort, the case was in a posture in which the Insureds claimed $80,000 and the Insurer offered $175. At mediation, the case settled for $10,000.

The Insureds then moved for attorneys' fees and costs under section 627.428, Florida Statutes (2014), which provides for the award of reasonable attorneys' fees in favor of insureds who prevail in litigation against an insurer.[1] Both sides presented expert testimony. The Insureds' attorneys presented time records reflecting approximately 225 hours expended. These hours included ten hours of senior partner time to draft a five-page complaint that appears to be a form complaint; seven hours spent by a senior partner to prepare a three-page motion to compel appraisal that appears to be a form motion and was never set for hearing; an additional eleven hours of senior partner and associate time to prepare a second motion to compel appraisal that is identical to the first one, which was also never set for hearing; and various extensive conferences between many lawyers without any indication of how those conferences advanced the case. In all,

---

[1] The issue of entitlement to fees was not raised by the parties and is not before us.

the records reflect that eleven different lawyers were consulted or worked on the file.

The Insureds' expert witness testified that 200 of the 225 hours billed were reasonable. He also testified regarding the need for a multiplier. He explained that a 1.5 multiplier was necessary because counsel with "specialized knowledge" of first-party property insurance cases would not represent the Insureds without the possibility of a multiplier.

After the evidentiary hearing, the trial court entered a final judgment for attorneys' fees in favor of the Insureds. The court adopted an hourly rate of $400 and agreed with the Insureds' expert witness that 200 hours billed were compensable. The court also awarded a contingency fee multiplier of 1.5, finding that competent counsel could not be retained without a multiplier; there was a substantial risk of non-payment; the likelihood of success warranted the multiplier, as did "the novelty and difficulty of the question involved in this matter and the results obtained." It awarded $120,000 in fees. This appeal followed.

## ANALYSIS

The Insurer challenges the trial court's findings with respect to the hourly rate of $400, the reasonableness of the 200 hours expended on the litigation, and the 1.5 multiplier. We will address each issue in turn. Before doing so, however, we note that a trial court's determination on these matters is reviewed for an abuse

4

of discretion. <u>Sunshine State Ins. Co. v. Davide</u>, 117 So. 3d 1142, 1144 (Fla. 3d DCA 2013). We apply such a highly deferential standard of review because of the trial court's "first-hand knowledge of the case," "superior understanding of the litigation," and "extensive contact with the parties and their counsel." <u>Centex-Rooney Const. Co. v. Martin Cnty.</u>, 725 So. 2d 1255, 1259 (Fla. 4th DCA 1999). After all, "[t]he question of how much is a reasonable fee in a given case cannot be precisely answered. . . . [R]easonable judges can differ in opinion." <u>Universal Underwriters Ins. Co. v. Gorgei Enters., Inc.</u>, 345 So. 2d 412, 414 (Fla. 2d DCA 1977).

However, "we are not required to abandon what we learned as lawyers or our common sense in evaluating the reasonableness of an award." <u>Trumbull Ins. Co. v. Wolentarski</u>, 2 So. 3d 1050, 1057 (Fla. 3d DCA 2009). There comes a point when hours have been unnecessarily billed to such an extent that the trial court's finding of a reasonable fee cannot be supported by the record. <u>See</u> <u>Dalia v. Alvarez</u>, 605 So. 2d 1282, 1283 (Fla. 3d DCA 1992) ("A claim for excessive hours is subject to a reduction by the [appellate] court.") (citing <u>Fla. Patient's Comp. Fund v. Rowe</u>, 472 So. 2d 1145, 1150 (Fla. 1985)). Moreover, the award of a multiplier must be reversed if no evidence supports a finding that the relevant market required a contingency fee multiplier to obtain competent counsel. <u>USAA</u>

Cas. Ins. Co. v. Prime Care Chiropractic Enters, P.A., 93 So. 3d 345, 347 (Fla. 2d DCA 2012).

## A. The Hourly Rate.

The Insurer challenges the trial court's finding that $400 reflected a reasonable blended hourly rate for the various attorneys who were involved in the case, including several senior partners. Without extensive discussion, we reject the Insurer's argument on this point. Given our review of the entire record, no abuse of discretion occurred. See TRG Columbus Dev. Venture, Ltd. v. Sifontes, 163 So. 3d 548, 552 (Fla. 3d DCA 2015) (holding the trial court did not abuse its discretion in awarding an hourly rate of $400); Davide, 117 So. 3d at 1145 (affirming a $450 hourly rate in an insured's action against an insurer for breach of contract, bad faith, and to confirm an appraisal award). This conclusion is particularly inescapable because the hourly rate awarded to the Insureds' attorneys was on the lower end of the hourly rate range suggested by the Insurer's own expert witness.

## B. The Reasonableness of the Hours.

We agree, however, with the Insurer that 200 hours billed for this case is excessive. In the first place, the records reflect that eleven different lawyers billed on this file. This alone should have alerted the trial court to a problem. A court

should be extremely wary of paying fees to so many lawyers for such a relatively small case with relatively straightforward legal issues and no precedential value. Rathmann v. Rathmann, 721 So. 2d 1218, 1220 (Fla. 5th DCA 1998) ("While the parties have the right to employ as many lawyers as they choose, the Court will not assess lawyer fees for or against any party for more than one lawyer for a matter in which more than one lawyer is not required."). In a similar situation, this court has ordered a reduction in fees, noting, "[t]he time sheets also reflect a significant amount of time spent in conferences between the partner and the associate who were working on the case as well as multiple attorneys performing or reviewing the same items. Duplicative time charged by multiple attorneys working on the case are generally not compensable." N. Dade Church of God, Inc. v. JM Statewide, Inc., 851 So. 2d 194, 196 (Fla. 3d DCA 2003).

In the second place, an examination of the specific hours claimed raises concerns. The billing reports include items such as ten hours of senior partner time to draft a five-page complaint that appears to be a form complaint; seven hours spent by a senior partner to prepare a three-page form motion to compel appraisal that was never set for hearing; an additional eleven hours of senior partner and associate time to prepare a second motion to compel appraisal that is identical to the first one, which was also never set for hearing; and various extensive

7

conferences between many lawyers without any indication of how those conferences advanced the case.

Although the Insureds' expert witness generally opined that 200 hours were appropriate, he provided no specific justification that explained how those hours were needed in the manner this case was litigated. Even under our highly deferential standard of review, the expert's testimony could not support the amount of hours awarded. See Canakaris v. Canakaris, 382 So. 2d 1197, 1203 (Fla. 1980) ("The trial court's discretionary power is subject only to the test of reasonableness, but that test requires a determination of whether there is logic and justification for the result."); Whitney v. Whitney, 638 So. 2d 517, 518 n.1 ("Although the hours which the trial court found reasonable were within the range of the experts' testimony presented at the hearing . . . '[t]he existence of such evidence does not require that we abandon our own expertise, much less our common sense.'" (quoting Miller v. First Am. Bank & Trust, 607 So. 2d 483, 485 (Fla. 4th DCA 1992))).

There may be cases where a trial court has overlooked some unnecessarily billed hours without abusing its discretion. But where, as here, a large percentage of the hours awarded are excessive, reversal is warranted. See Whitney, 638 So. 2d 517 (reversing an award of attorneys' fees where approximately half of the hours spent on the case were excessive); Dalia, 605 So. 2d at 1284 (same).

8

In the final analysis, the prosecution of the Insureds' claim in this case was important and vital work. We also recognize that the Insurer may have caused unnecessary hours to be incurred by the Insureds by, for example, unduly aggressive tactics such as asserting twelve affirmative defenses in a straight-forward case. Nevertheless, this matter was an unremarkable property damage case in which the Insureds' case rested almost entirely on the public adjuster's report that was completed before the lawyers became involved. The case settled at the first mediation conference with only basic discovery and without going to trial. In similar circumstances, Florida courts have reduced the claimed hours. See Whitney, 638 So. 2d 517 (reducing an excessive award of attorneys' fees in a single-issue family law case, where the "wife was represented by an experienced competent attorney in routine modification proceedings which involved no novel or complex questions of law or fact" and the "husband's petition generated one two-hour deposition, routine document discovery, and one final hearing").[2]

We remand to the seasoned trial judge to determine the reasonable number of hours related to achieving the settlement in this case. In doing so, the trial court

---

[2] Nothing in this opinion should be construed as suggesting that the measure of reasonable hours is the least time in which the work might theoretically have been done. See Norman v. Hous. Auth. of City of Montgomery, 836 F.2d 1292, 1305-06 (11th Cir. 1988) ("The court on reconsideration should bear in mind that the measure of reasonable hours is determined by the profession's judgment of the time that may be conscionably billed and not the least time in which it might theoretically have been done.").

should keep in mind that "a court must consider the time that would ordinarily have been spent by lawyers in the community to resolve this particular type of dispute, which is not necessarily the number of hours actually expended by counsel in the case at issue." Wolentarski, 2 So. 3d at 1057. "[E]xcessive time spent on simple ministerial tasks such as reviewing documents or filing notices of appearance" is normally not compensable. N. Dade Church of God, 851 So. 2d at 196. Nor are duplicative reviews and consultations by numerous attorneys. Id. In reliance on the seasoned trial judge's good judgment, we refrain from providing more specific guidance. See Whitney, 638 So. 2d 517 (reversing an award of attorneys' fees and remanding with directions to award fees in an amount not to exceed approximately half of the amount originally awarded).

## C. The Multiplier.

Finally, we reverse the award of the multiplier. The application of a multiplier is the exception, not the rule. As the United States Supreme Court has explained, "there is a 'strong presumption' that the lodestar figure is reasonable" and this presumption is overcome only in "rare" and "exceptional" circumstances. Perdue v. Kenny A. ex rel. Winn, 559 U.S. 542, 554 (2010). This presumption generally remains, even in a complex case, because the novelty and complexity of the case is typically reflected in the number of hours reasonably spent on the litigation. See Rowe, 472 So. 2d at 1150 ("The 'novelty and difficulty of the

question involved' should normally be reflected by the number of hours reasonably expended on the litigation."); <u>Perdue</u>, 559 U.S. at 553 ("[T]he novelty and complexity of a case generally may not be used as a ground for an enhancement because these factors presumably are fully reflected in the number of billable hours recorded by counsel.") (citation and quotation omitted).

In this regard, the Florida Supreme Court has required courts to consider three factors before awarding a multiplier in contract cases:

(1) whether the relevant market requires a contingency fee multiplier to obtain competent counsel;

(2) whether the attorney was able to mitigate the risk of nonpayment in any way; and

(3) whether any of the factors set forth in <u>Rowe</u> are applicable, especially the amount involved, the results obtained, and the type of fee arrangement between the attorney and his client.

<u>Standard Guar. Ins. Co. v. Quanstrom</u>, 555 So. 2d 828, 834 (Fla. 1990). "Evidence of these factors must be presented to justify the utilization of a multiplier." <u>Id.</u>

With respect to <u>Quanstrom</u>'s first prong, "there should be evidence in the record, and the trial court should so find, that without risk-enhancement plaintiff would have faced substantial difficulties in finding counsel in the local or other relevant market." <u>Sun Bank of Ocala v. Ford</u>, 564 So. 2d 1078, 1079 (Fla. 1990). "If there is no evidence that the relevant market required a contingency fee

11

multiplier to obtain competent counsel, then a multiplier should not be awarded." USAA Cas. Ins. Co., 93 So. 3d at 347.

The Insureds did not present evidence of substantial difficulty in obtaining competent counsel in this market. Their expert's testimony focused on why the possibility of a multiplier was necessary to obtain the "specialized" counsel they did. But Quanstrom's first prong does not concern whether the client could obtain the "best" representation available. Instead, the inquiry concerns "substantial" difficulty in obtaining "competent" counsel. Thus, the Insureds did not establish the first prong of this test. See USAA Cas. Ins. Co., 93 So. 3d at 347 (holding no competent, substantial evidence supported a finding in favor of a plaintiff under Quanstrom's first prong, where the plaintiff's expert witness "summarily concluded that the market required a multiplier for [the plaintiff] to obtain competent counsel" and "did not provide the court with any evidence to support his broad assertion").

The trial court also based the multiplier upon the result obtained, but the Insureds' demand, both before and during the litigation, was for $80,000. They settled for $10,000. This result is respectable in light of the Insurer's offer of $175, but it is far from the type of remarkable result that justifies a multiplier.

Finally, the trial court based the multiplier in part upon "the novelty and difficulty of the question involved in this matter." The court in its order and the

12

Insureds in their briefs, however, have not identified any such issues. We have carefully examined the record and we are unable to find any novel or difficult factual or legal issues in this case. Again, we recognize that the prosecution of the Insureds' claim is vital and important work. Still, this matter was a fairly straightforward property damage case with little precedential value that was settled at the first mediation conference with only basic discovery and without trial. We hold that this case does not warrant a multiplier.

## CONCLUSION

We affirm the trial court's award of a $400 hourly rate. We reverse, however, the finding that 200 hours were reasonably spent on the litigation because that number of hours is excessive. Finally, we hold that this case does not warrant a contingency fee multiplier. Accordingly, we remand for further proceedings to determine the reasonable number of hours expended on the case.

Affirmed in part; reversed in part; and remanded for further proceedings consistent with this opinion.