# Third District Court of Appeal

## State of Florida

Opinion filed October 18, 2017.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D16-2323
Lower Tribunal No. 08-29374
_____

**TRG Columbus Development Venture, LTD,**
Appellant,

vs.

**Luis Sifontes,**
Appellee.

An Appeal from the Circuit Court for Miami-Dade County, William Thomas, Judge.

Greenberg Traurig, P.A., and Elliot H. Scherker, Brigid F. Cech Samole, and Katherine M. Clemente, for appellant.

Vila, Padron & Diaz, P.A., and Kara D. Phinney, for appellee.

Before SUAREZ, EMAS, and LOGUE, JJ.

LOGUE, J.

TRG Columbus Development Venture, LTD, appeals a second final judgment awarding appellate attorney's fees and costs to Luis Sifontes. Because the trial court incorrectly concluded it was bound by the law of the case, we reverse the award of a multiplier. We affirm all remaining portions of the judgment without further comment.

Sifontes previously prevailed in a breach of contract action against TRG. This court affirmed the final judgment. TRG Columbus Dev. Venture, LTD, LLC v. Sifontes, 138 So. 3d 458 (Fla. 3d DCA 2014) (table decision). The trial court awarded attorney's fees to Sifontes based on the underlying breach of contract action and subsequent appeal. TRG then appealed that award of fees, and in a written opinion this court affirmed, concluding that the trial court did not abuse its discretion in determining the reasonable hourly rate and awarding a contingency fee multiplier of 2.0 for trial fees. TRG Columbus Dev. Venture, LTD. v. Sifontes, 163 So. 3d 548 (Fla. 3d DCA 2015) (Sifontes II). This court then granted Sifontes' motion for appellate attorney's fees based on a prevailing party provision in the underlying contract, and we remanded to the trial court for determination of amount.

Following a September 2016 hearing on fees, the trial court entered the final judgment at issue in this appeal. The trial court awarded Sifontes a total of $234,210.28 in appellate attorney's fees. It found that 230.5 hours billed were

compensable at an hourly rate of $450. Concluding that a multiplier was law of the case based on this court's prior decision in Sifontes II, the trial court applied a multiplier of 2.0 to the lodestar of $103,725. We reverse the application of the multiplier.

As this court has recognized, "[t]he application of a multiplier is the exception, not the rule" and the "strong presumption" that the lodestar figure is reasonable is overcome only in exceptional and rare circumstances. State Farm Fla. Ins. Co. v. Alvarez, 175 So. 3d 352, 357-58 (Fla. 3d DCA 2015). In order for a trial court to award a contingency fee multiplier, it must consider the following three factors:

> (1) whether the relevant market requires a contingency fee multiplier to obtain competent counsel;
>
> (2) whether the attorney was able to mitigate the risk of nonpayment in any way; and
>
> (3) whether any of the factors set forth in [Fla. Patient's Comp. Fund v.] Rowe[, 472 So. 2d 1145 (Fla. 1985)] are applicable, especially, the amount involved, the results obtained, and the type of fee arrangement between the attorney and his client.

Standard Guar. Ins. Co. v. Quanstrom, 555 So. 2d 828, 834 (Fla. 1990).

Here, the trial court acknowledged that it did not conduct any inquiry as to the Quanstrom factors. Instead, it concluded—based on the reasoning of Stack v. Lewis, 641 So. 2d 969 (Fla. 1st DCA 1994) and Board of Trustees of the

3

Jacksonville Police & Fire Fund v. Kicklighter, 122 So. 3d 510 (Fla. 1st DCA 2013)—that it was bound by law of the case to apply the multiplier that was previously applied to the litigation on the merits and affirmed by this court in Sifontes II.

In Stack, the First District affirmed a multiplier for both appellate fees and trial fees, concluding that "there is no reason to treat the appellate hours differently from the trial hours." 641 So. 2d at 970. And in Kicklighter, the First District relied on Stack to affirm a multiplier for appellate fees, noting, "when a trial court makes the determination as to the appropriateness of a fee multiplier, that same determination applies to the appellate fees expended by the same counsel in litigating the case on appeal." 122 So. 3d at 511.

But Stack and Kicklighter are inapplicable here. Those cases involved fees earned from direct appeals on the merits where any litigation over fees was only tangential. The fees at issue here do not concern an appeal on the merits. Instead, they largely concern the fees for a separate appeal regarding the extent and amount of appellate fees after an appellate court already determined entitlement to appellate attorney's fees. At this stage, where fees—not merits—are the only issue, and after the basic entitlement to fees has already been awarded by a prior appellate decision, there is in fact "reason to treat the appellate hours differently from the trial hours." See Stack, 641 So. 2d at 970. Absent evidence of the

4

applicability of the <u>Quanstrom</u> factors, the presumption that the novelty, difficulty, and complexity of a case will be reflected in the number of hours reasonably spent on the litigation returns to govern the dispute. <u>Alvarez</u>, 175 So. 3d at 357-58.

Accordingly, because the trial court incorrectly concluded it was bound by the law of the case, we reverse the award of a multiplier without prejudice to the court awarding a multiplier in the event it properly finds the <u>Quanstrom</u> factors are met after the appropriate hearing. We remand for further proceedings consistent with this opinion.

Affirmed in part; reversed in part and remanded.