# Third District Court of Appeal

## State of Florida

Opinion filed January 4, 2023.

_____

No. 3D21-1781
Lower Tribunal No. 11-27895
_____

**J&R United Industries, Inc., etc.,**
Appellant,

vs.

**Stephen E. Miron, etc.,**
Appellee.

An Appeal from the Circuit Court for Miami-Dade County, Mark Blumstein, Judge.

Karen B. Parker, P.A., and Karen B. Parker, for appellant.

Tobin & Reyes, P.A., and Adrian J. Alvarez (Boca Raton), for appellee.

Before EMAS, GORDO and BOKOR, JJ.

GORDO, J.

## ON MOTION FOR REHEARING

We deny J&R United Industries, Inc.'s ("J&R") motion for rehearing, but withdraw our previous opinion, and substitute the following opinion in its stead.

## INTRODUCTION

J&R appeals a final judgment entered after a full non-jury trial in favor of Stephen E. Miron, individually and as personal representative of the Estate of Julie Miron ("Miron"). We have jurisdiction. Fla. R. App. P. 9.030(b)(1)(A). We affirm the final judgment finding competent, substantial evidence supports the trial court's findings.

## FACTUAL AND PROCEDURAL BACKGROUND

This appeal stems from a lawsuit initiated in 2011 where Miron sued South American Textile Manufacturing Group, Inc. ("SATM") for breach of a commercial lease contract. After years of litigation and following a bench trial, the trial court entered judgment in 2017 in favor of Miron and against SATM in the amount of $1,479,914.31, plus interest. Thereafter, the trial court in 2018 entered a final judgment for attorney's fees and costs against SATM in the amount of $207,020.38, plus interest. The judgments remained unpaid.

2

In 2019, Miron filed a motion for leave to file a supplemental complaint to implead J&R as an alter ego and successor entity of SATM under a de facto merger. The trial court granted Miron's motion. J&R denied the allegations and the parties proceeded to try the case in a bench trial. The trial court entered final judgment in favor of Miron. J&R filed a motion for rehearing that was denied. This appeal followed.

**STANDARD OF REVIEW**

"When a cause is tried without a jury, the trial judge's findings of fact are clothed with a presumption of correctness on appeal, and these findings will not be disturbed unless the appellant can demonstrate that they are clearly erroneous." Sunshine State Ins. Co. v. Davide, 117 So. 3d 1142, 1144 (Fla. 3d DCA 2013).

**LEGAL ANALYSIS**

Florida follows the corporate law rule that the liability of a selling predecessor corporation is not imposed upon the buying successor company unless: "(1) the successor expressly or impliedly assumes the obligations of the predecessor; (2) the transaction is a de facto merger; (3) the successor is a mere continuation of the predecessor; or (4) the transaction is a fraudulent effort to avoid liabilities of the predecessor." Reina v. Gingerale Corp., 472 So. 2d 530, 531 (Fla. 3d DCA

1985).  "The imposition of liability upon a successor corporation is based on the notion that no corporation should be permitted to commit a tort or breach of contract and avoid liability through corporate transformation in form only." Lab. Corp. of Am. v. Prof'l Recovery Network, 813 So. 2d 266, 269 (Fla. 5th DCA 2002).  Here, the trial court concluded there was evidence to support the last three exceptions.  We find the trial court's findings of fact are supported by competent, substantial evidence.

Affirmed.