# Third District Court of Appeal

## State of Florida

Opinion filed September 10, 2025.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D24-1140
Lower Tribunal No. 18-42359-CA-01
_____

**Universal Insurance Company of North America**,
Appellant,

vs.

**Sunset 102 Office Park Condominium Association, Inc.**,
Appellee.

An Appeal from the Circuit Court for Miami-Dade County, Tanya Brinkley, Judge.

Traub Lieberman Straus & Shrewsberry LLP and Scot E. Samis and C. Ryan Jones and David T. Burr (St. Petersburg); Galloway, Johnson, et al., and Nicole M. Fluet (Tampa), for appellant.

Kula & Associates, P.A., and Elliot B. Kula and William D. Mueller; Pita Weber Del Prado and Randy M. Weber; Quintana Law, PA, and Brittany Quintana Marti, for appellee.

Before EMAS, GORDO and LOBREE, JJ.

PER CURIAM.

Affirmed. See Ozyesilpinar v. Reach PLC, 365 So. 3d 453, 459 (Fla. 3d DCA 2023) ("In order to be preserved for further review by a higher court, an issue must be presented to the lower court and the specific legal argument or ground to be argued on appeal or review must be part of that presentation if it is to be considered preserved." (quoting Tillman v. State, 471 So. 2d 32, 35 (Fla.1985))); Certain Underwriters at Lloyd's London v. Candelaria, 339 So. 3d 463, 470 (Fla. 3d DCA 2022) ("Generally, the controlling consideration in determining whether an attorney can mitigate the risk of nonpayment under the second prong of Joyce [v. Federated National Ins. Co., 228 So. 3d 1122 (Fla. 2017)] is whether the plaintiffs can afford a retainer or hourly fees." (quoting Wesson v. Fla. Peninsula Ins. Co., 296 So. 3d 572, 573 (Fla. 1st DCA 2020))); Citizens Prop. Ins. Corp. v. Laguerre, 259 So. 3d 169, 177 (Fla. 3d DCA 2018); Sunshine State Ins. Co. v. Davide, 117 So. 3d 1142, 1145 (Fla. 3d DCA 2013) (stating that under an abuse of discretion standard of review, where "there is evidence in the record presented by the experts to support the trial court's conclusion" concerning the application of a multiplier, "we must affirm the order of the trial court if reasonable people could differ as to the propriety of the action taken").