# Third District Court of Appeal

## State of Florida

Opinion filed March 4, 2026.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D24-2147
Lower Tribunal No. 21-11625-CA-01
_____

**Citizens Property Insurance Corporation,**
Appellant,

vs.

**Haydee Buergo, et al.,**
Appellees.

An Appeal from the Circuit Court for Miami-Dade County, David C. Miller, Judge.

Traub Lieberman Straus & Shrewsberry LLP, and C. Ryan Jones and David T. Burr (St. Petersburg), for appellant.

Alvarez, Feltman, Da Silva & Costa, PL, and Paul B. Feltman, for appellees.

Before FERNANDEZ, GORDO and BOKOR, JJ.

PER CURIAM.

Affirmed. See Sunshine State Ins. Co. v. Davide, 117 So. 3d 1142, 1144–45 (Fla. 3d DCA 2013) ("We review the trial court's award [of attorney's fees] under an abuse of discretion standard. When a cause is tried without a jury, the trial judge's findings of fact are clothed with a presumption of correctness on appeal, and these findings will not be disturbed unless the appellant can demonstrate that they are clearly erroneous. In this case, the trial court issued a very detailed order specifically listing the facts upon which it relied as well as detailed conclusions of law to support the award. . . . It is not within our purview, nor is it part of our standard of review, for this court to re-weigh the credibility of the witnesses or to evaluate the facts *de novo.* Those are issues for the trial court. Our review of the record shows that there is competent substantial evidence to support the trial court's findings, and we conclude that the trial court did not abuse its discretion when it made its findings of fact and conclusions of law. . . . Sunshine [] disputes the multiplier applied to the fees claim in this action. We can understand Sunshine's position but, once again, there is evidence in the record presented by the experts to support the trial court's conclusion. . . . No abuse regarding application of a multiplier has been shown on this record. As with other discretionary decisions, we must

2

affirm the order of the trial court if reasonable people could differ as to the propriety of the action taken.").